## NANCY PIERSON v. Z. H. HAMMOND.

Any writ which authorizes the officer to carry into effect the final judgment of a court, is an execution; and the claimant of property seized by virtue of an order of sale, is entitled to the same remedies, in asserting the claim, as exist under the levy of any other form of execution.

APPEAL from Falls.    Tried below before the Hon. John Gregg.

The appellee sued John H. Pierson and W. M. Wright on a note, and claimed a lien on certain negroes specified.    Dismissal as to Wright.    Judgment at the Fall Term of the District Court, 1856, for amount of the note against J. H. Pierson, and that the negroes be sold to satisfy the said amount, "under a valid "contract of mortgage;" and "that an order of sale issue to "the sheriff of Falls county, to sell said negro slaves to satisfy "said demand," &c.

On the 6th day of May, 1858, a writ was issued, directed to the sheriff of Falls county, which recited the foregoing judgment, and commanded the sheriff aforesaid to sell the said slaves, which were therein designated, in pursuance of the decree ; and if the proceeds of the sale should be insufficient to satisfy said judgment, to levy on the goods and chattels, lands and tenements of said John H. Pierson.    This writ was levied on the said slaves, on the 12th July, 1858 ; and on the 18th July, 1858, the appellant, Nancy Pierson, made the oath, and gave the bond required by law of claimants of property, under Art. 2814, Hart. Dig., to try the right to the same, and claimed the same as her own, and not subject to the levy made upon the same.    The sheriff returned the process according to the foregoing facts, with the oath and bond aforesaid, to the District Court of Falls county.

At the Fall Term of said court, in October, 1858, the appellee filed a motion to dismiss the case, thus instituted to try the right of property, because, under a process like this, said claim-

ant had no right to assert a claim to said property, under the provisions of said statute, nor could the court submit such an issue to the jury. This motion the court sustained, and rendered judgment accordingly.

*S. C. Simmons*, for the appellant. The statute, (Hart. Dig. Art. 2814,) provides "that whenever any sheriff, or other lawful "officer, shall levy a writ of execution, sequestration, or attach-"ment, upon any personal property," &c. This case turns upon the construction of the term "*execution*," in the statute. It is contended by the appellee, that the levy being made by virtue of a writ issued upon an order or decree of the court, to sell the negroes claimed, to satisfy the judgment rendered on *the note sued upon*, it was not an execution, within the meaning of the statute.

It is respectfully submitted, that the intention of the statute was to give to persons a speedy and convenient mode of trying their rights to property, whenever it should be levied upon by virtue of any writ which is known to our laws, under which an officer might seize personal property. This is shown from the fact, that the statute specifies sequestration and attachment, which are (perhaps) the only writs by which an officer can make a levy, that is not founded on a judgment, or decree of a court.

The term, execution, means the process by which the sentence of the law is put in force; it is a general term, which applies to all writs, the object of which is to enforce the judgment of a court. (3 Black. Com. 413.) The writ issued in this case, comes clearly within the meaning of the term; and if so, the party appellant was properly in court, and should have been heard.

WHEELER, CH. J. The appellant was not a party to the judgment of 1856, condemning the property in question to be sold; and consequently, her right, if she had any, is not concluded by it. But it is insisted that she could not assert her right under the statute, in this case, because, it is said, the pro-

cess under which the property was seized, was not an execution, within the meaning of the statute. (Hart. Dig. Art. 2814.) We think differently. The term, execution, applies to all process issued to carry into effect the final judgment of a court. Any writ, which authorizes the officer to carry into effect such judgment, is an execution. We see no cause to doubt that it was used in this comprehensive sense in the statute. The terms, "sequestration" and " attachment," comprise all the process, by virtue of which personal property may be seized before judgment ; and "execution," all process by which it may be seized after final judgment. The intention appears to have been, to give this remedy in all cases, where property is seized by the officer, under any writ of attachment, sequestration, or execution. (Ibid.) We are of opinion that the court erred in dismissing the proceeding, for which the judgment must be reversed, and the cause remanded.

Reversed and remanded.