JACOB LINN v. MARIA LE COMPTE.

1. PRACTICE—MOTION FOR A NEW TRIAL.—While it is competent for the District Court to entertain a motion for new trial after two days from the judgment, at the same term, yet its refusal to grant a new trial on such motion will not be revised, unless when clearly wrong.

2. PRACTICE.—Unless it be made to appear that counsel for an absent party were forced to trial, where the absent party claims the benefit of a consent to postpone, in motion for new trial, in support of the action of the court it will be inferred that his counsel went voluntarily into the trial.

3. LIEN UPON LAND BY LEVY OF EXECUTION.—A contract for the sale of land, whether executory or an absolute conveyance, not recorded, is void as to a creditor who, by levy or otherwise, acquires a lien on the land without notice; and when the creditor, in the exercise of his rights, has the land sold, the purchaser at the sale is protected through the rights of the creditor, although the purchaser had notice of the facts at the time of the sale.

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

Adele Le Compte, December 11, 1860, brought trespass to try title against Jacob Linn, for a lot in the city of San Antonio. Pending the suit, plaintiff sold to her sister, Maria Le Compte, who thereafter prosecuted the suit as plaintiff.

The defendant set up title to the lot under a sheriff's sale, under a judgment in favor of one A. Fretillier and against Jesus Perez, through whom plaintiff claimed title

The evidence showed an unrecorded contract for the sale of the lot in question, of date March 11, 1858, between Jesus Perez and Le Compte de Watene, and transfers down to plaintiff; also a deed from Perez to Adele Le Compte, (plaintiff,) of date June 1, 1860.

The defendant exhibited a sheriff's deed, of date June 5, 1860, under a levy made May 11, 1860, upon the lot, as the property of Perez. . It was proved that defendant had notice of plaintiff's title on the day of the sheriff's sale.

October 21, 1873, verdict was rendered for the plaintiff. The defendant, on the same day, filed a motion for a new trial, because the verdict was contrary to the evidence and charge of the court. On the 25th of October, the motion was overruled and notice of appeal given. ˙

At the same term, November 19, the defendant filed an application to set aside the order .refusing a new trial, and again asking that a new trial be granted. The application was accompanied by the affidavit of the defendant and several others, to the effect that in a conversation had between defendant and an attorney for the plaintiff, it was understood by defendant that the case had been postponed, and˙ on that account he had not been in attendance on the court, nor had he in attendance the witness Perez, whose testimony was material. Perez's affidavit was also filed, attacking the transaction in which he had made deed to the lot, on the 1st of June, 1860, under which plaintiff claimed, &c. The version of the conversation given by plaintiff's attorney, resisting the motion, was different.

This motion was also overruled, and the defendant, Linn, appealed.

*Waelder & Upson*, for appellant.

*Bethel Coopwood*, for appellees.

GOULD, ASSOCIATE JUSTICE.—The second motion for new trial was made more than two days after judgment; and

whilst it was competent for the court during the term, for good cause shown, to hear and grant such a motion, its refusal to grant it will only be revised when clearly wrong. (Puckett *v.* Reed, 37 Tex., 309; Wood *v.* Wheeler, 7 Tex., 16.)

It appears that the appellant was misled without design, and under circumstances which leave him open to the charge of being himself negligent. It further does not appear that his counsel was forced to go to trial; and in support of the action of the court, it would be inferred that his counsel went into the trial voluntarily. Whilst the second application for new trial, in its other features, was not without merits, it would be difficult to say that the court clearly erred in refusing to grant it.

But we are of opinion that the court erred in refusing to grant the first motion for new trial, on the ground that the evidence was insufficient to support the verdict. Certainly, the executory contract between Perez and Watene was not more efficacious to place the land beyond the reach of the creditors of Perez than an absolute conveyance would have been. In either case, if the instrument is not recorded, it is void as to a creditor who, by levy or otherwise, acquires a lien on the land without notice; and when the creditor, in the exercise of his rights, has the land sold, the purchaser at the sale is protected through the rights of the creditor, although the purchaser had notice of the facts at the time of the sale. (Grace *v.* Wade, 45 Tex., 522; Paschal's Dig., art. 4988.)

An examination of the statement of facts, and of the charge of the court, shows that this case was tried on the mistaken view of the law, that notice to the purchaser at the time of sale was sufficient to supply the failure to have the bond or contract recorded. There was evidence of such notice given at the sale; but there was no evidence whatever charging the judgment creditor with notice at the time his lien was acquired, to wit, the time the execution was levied.

This was an essential fact, which it was necessary for the plaintiff to establish, to make out a case entitling him to a verdict; and because of this fundamental defect in his evidence, the court should have granted a new trial.

For this error, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.