Sedwick *et al. v.* Ritter *et al.*

No. 14,939.

## SEDWICK ET AL. *v.* RITTER ET AL.

| | |
|---|---|
| 128 | 209 |
| 134 | 247 |
| 135 | 253 |
| 136 | 653 |
| 128 | 209 |
| 139 | 205 |
| 128 | 209 |
| 150 | 314 |
| 128 | 209 |
| 156 | 622 |
| 156 | 623 |

REAL ESTATE.—*Action to Recover.*— *Within what Time Must be Brought.*— *Foreclosure Sale.*—*Statute of Limitations.*—*Legal Disabilities.*—*Married Woman.* —*Execution Debtor.*— *Who is Under Section 293, R. S. 1881.*—A mortgage was executed by a husband and wife on the lands of the husband to secure his debt. After the execution of the mortgage the land was conveyed to the wife. The mortgage was thereafter foreclosed, the husband and wife being made parties to the foreclosure proceedings. The land was sold at sheriff's sale, the mortgagor being the purchaser, and in due time he received a sheriff's deed therefor. After the death of the wife, and more than ten years from the date of the foreclosure sale, an action was instituted by the husband and children to recover said real estate, on the ground that the decree for the sale of the land was void for certain reasons set forth in the complaint.

·*Held,* that the husband was an execution debtor within the contemplation of section 293, R. S. 1881, and that any action for the recovery of the real estate in which he joined must be brought within ten years after the foreclosure sale.

*Held,* also, that the wife was an execution debtor under the provisions of the statute, and that all persons claiming title under her, acquired since the rendition of the judgment, must bring suit within ten years after the foreclosure sale.

*Held,* also, that the sale of the land under the decree was sufficient to give color of title and bring the case within the operation of the statute of limitations.

*Held,* also, that the wife was not within the exception in favor of persons under legal disabilities, contained in the present statute.

PLEADING.—*Complaint.*—*Joint Cause of Action.*—*Demurrer.*—A complaint not showing a cause of action in favor of all the plaintiffs is bad on demurrer.

From the Monroe Circuit Court.

*E. K. Millen, H. C. Duncan* and *I. C. Batman,* for appellants.

*D. E. Beem* and *W. Hickman,* for appellees.

MILLER, J.—The appellants instituted this action against the appellees to recover real estate, and quiet their title to the same.

VOL. 128.—14

The sufficiency of the second paragraph of the complaint, to which a demurrer was sustained, presents the only question in the case.

It appears from the complaint that on the 1st day of March, 1867, the plaintiff, James E. Whitesell, was the owner of the southwest quarter of section ten, in township nine north, of range two west; also a part of the northwest quarter of the same section, described by metes and bounds, containing in all two hundred acres; that on the 10th day of July, 1868, said land was conveyed by the owner and Matilda, his wife, to John E. Sedwick, and by him immediately reconveyed to said Matilda; that on the 10th day of March, 1867, James E. Whitesell and another were indebted to Henry Ritter in the sum of $5,000, and on that day Whitesell and wife executed to Ritter a mortgage on a tract of real estate, the description of which is identical with the description above set out, except that in describing the quarter sections the word "east" is used instead of the word "west." This mortgage was foreclosed September 1st, 1874, and a judgment rendered against the makers of the note for $8,000, and a decree for the sale of the land entered. Afterwards, on the 8th day of October, 1874, Ritter began another proceeding to foreclose the mortgage, making Whitesell and wife parties defendant, as well as certain officers of the county.

It is averred that the complaint in that case did not allege any mistake in the mortgage or in the description of the real estate, nor did it refer to the prior foreclosure of the mortgage, or aver that the real estate had been sold for taxes, or that the land had been sold and conveyed to Matilda Whitesell, or ask for a reformation of the mortgage.

The defendants did not appear to the action, and were defaulted. On the 8th day of April, 1875, a judgment was rendered against the makers of the note for $10,704, of which $718.02 was on account of delinquent taxes for which the land had been sold and purchased by the plaintiff. A

decree for the foreclosure of the mortgage was also entered, in which the real estate above described, owned by Matilda Whitesell, was correctly described. A certified copy of the decree was issued to the sheriff, and on the 22d day of May, 1875, the land was sold to the plaintiff, Ritter, for the sum of $11,000. In due time a sheriff's deed was executed to the purchaser, and possession taken under his purchase. Matilda Whitesell died on the 1st day of July, 1887, leaving her husband and the other appellants, who are her children, as her only heirs at law. Henry Ritter also died on the 1st day of September, 1887. The appellees are his children and heirs.

The appellants claim that the decree for the sale of the land was without the issues of the case, and void; that Matilda Whitesell having been brought into court for the foreclosure of a mortgage on one tract of land, the entry of a decree against her for the sale of a different tract was not simply erroneous, but void.

The view that we take of another question involved renders it unnecessary for us to examine or pass upon this one.

The appellant, James E. Whitesell, who was joined with the other appellants as a plaintiff, was, beyond all question, one execution debtor. It was his debt; he was a judgment debtor, and after the execution issued on the judgment, an execution debtor, within the strictest definition of the term. The fact that the land had been conveyed to his wife did not make him any the less a debtor. The provision contained in the third clause of section 293, R. S. 1881, that actions for the recovery of real property, by the execution debtor, must be brought within ten years after the sale, constitutes a complete bar to his right of recovery.

It necessarily follows that the complaint, not showing a cause of action in favor of all the plaintiffs, is bad on demurrer. *Neal* v. *State, ex rel.,* 49 Ind. 51, and cases cited.

We are also of the opinion that the cause of action is

barred against all who claim title under Matilda Whitesell, acquired since the rendition of the judgment.

The clause of the statute under consideration prescribing within what time an action shall be commenced is as follows :

" Third. For the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment, within ten years after the sale." Section 293, R. S. 1881.

This limits the time within which such suits should be brought by the following persons :

1. By all who were parties to the suit in which the judgment was obtained, and against whom the execution issued for its enforcement.

2. By persons who acquired title under those of the preceding class after the execution of the judgment upon which the execution was issued, and the land sold.

The decree upon which the land was sold was an execution within the meaning of this statute. Every writ which authorizes an officer to carry into effect a judgment, or order, of a court of law, or a final decree of a court of equity, is an execution. Freeman Executions, section 2 ; *Pierson* v. *Hammond*, 22 Texas, 585; *United States* v. *Nourse*, 9 Pet. 8; *Darby* v. *Carson*, 9 Ohio, 149.

Matilda Whitesell was a party to the suit, and we may infer that the decree directed the sale of her interest in the property therein described. She was therefore a party to the execution, which was a certified copy of the decree rendered against her and her co-defendants for the sale of the property, and embraced within the term " execution debtor," used in the statute.

The case of *Brenner* v. *Quick*, 88 Ind. 546, is not in conflict with this position, for in that case the wife was not a party to the foreclosure, and, therefore, not an execution defendant.

The decree rendered against Matilda Whitesell was, doubt-

less, erroneous, and may have been void ; but the sale of the land under the decree was sufficient to give color of title, and bring the case within the operation of the statute of limitation. *Brenner* v. *Quick, supra ; Orr* v. *Owens, post,* p. 229.

The fact that Mrs. Whitesell was a married woman does not bring her within the exception in favor of persons under legal disabilities, contained in the present statute. *Rosa* v. *Prather,* 103 Ind. 191 ; *City of Indianapolis* v. *Patterson,* 112 Ind. 344.

Judgment affirmed.

Filed May 12, 1891.