### G. F. BARNETT v. JOHN W. SQUYRES.

No. 851. Decided December 18, 1899.

**Registration—Judgment Lien—Notice.**

As between a purchaser of land at execution sale, and one claiming under a foreclosure sale upon a mortgage unrecorded at the attaching of the judgment creditor's lien, the burden was upon the one claiming under the unrecorded instrument to show notice thereof to the creditor before his lien attached. (P. 194.)

ERROR to the Court of Civil Appeals for the Second District, in an appeal from Parker County.

Squyres sued Barnett in trespass to try title, and had judgment recovering the land, which was affirmed on appeal by defendant, who then obtained writ of error.

*H. L. Mosley, A. G. Boyle,* and *Alexander & Fain,* for plaintiff in error.

*John W. Squyres,* defendant in error, in his own behalf.

WILLIAMS, ASSOCIATE JUSTICE.—This was an action of trespass to try title by Squyres against Barnett to recover the land in controversy. The answer was, not guilty. Both parties claim under Spain Fondren, their titles being as follows: Spain Fondren, on the 18th day of February, 1896, executed to Squyres a mortgage on the land to secure a note executed at same time by Fondren to Squyres, which mortgage was not recorded until February 2, 1897. It was foreclosed by judgment of the District Court in October, 1897, and a sale of the land was thereafter made under this judgment, and Squyres became the purchaser and claims title under such purchase. On the 16th day of December, 1896, in the County Court of Parker County, one Mrs. Rice recovered a judgment for money against Spain Fondren, and, on same day, caused an abstract thereof to be regularly filed and recorded in the office of the county clerk of that county, and subsequently caused a sale of the land in controversy under execution, as the property of Fondren, to be regularly made, at which Barnett became the purchaser and acquired such title as passed thereby.

There was no evidence as to whether or not Mrs. Rice, before the recording of the abstract, had notice of the unrecorded mortgage to Squyres, but it was shown that her attorney and Barnett had notice of it before the issuance of the execution. The District Court held that the burden was upon defendant to show affirmatively that Mrs. Rice had no notice of the mortgage when her abstract was recorded, in order to acquire a lien superior to the mortgage, and rendered judgment for the plaintiff. The Court of Civil Appeals approved this view and affirmed the judgment.

The decisions of this court have determined the rule to be otherwise, placing the burden upon the person asserting right under the unrecorded instrument to show notice to the creditor prior to the acquisition of his lien. Linn v. Le Compte, 47 Texas, 442, 443; Wright v. Lassiter, 71 Texas, 644, 645.

Under the facts the defendant was entitled to judgment, and the judgments of the District Court and of the Court of Civil Appeals will be reversed and judgment will be rendered that plaintiff take nothing, etc.

*Reversed and rendered.*