## R. E. BELL HARDWARE COMPANY v. O. R. RIDDLE.

Decided February 7, 1903.

**1.—Homestead—Abandonment.**

Where the owner of a business homestead conveyed it to another and also his stock of goods to a third party and entirely ceased to do business, there was an abandonment of the homestead right in the property.

**2.—Registration of Deed—Notice—Attachment Lien.**

Where a purchaser of land failed to record his deed for three days, and until after a writ of attachment in a creditor's suit against his grantor had been levied on the property, the lien thereby acquired was the superior right. Rev. Stats., art. 4640.

Appeal from the District Court of Eastland. Tried below before Hon. N. R. Lindsey.

*F. O. McKinsey* and *Jasper N. Haney,* for appellant.

*Scott & Brelsford,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was instituted January 19, 1900, by appellant, a private corporation, to recover of appellee a house and lot in the town of Ranger, Eastland County, Texas, and rents. The case was submitted to the court without a jury, and was decided against appellant, upon an agreed statement of facts, from which it appears that only a moiety of the property was in controversy. As to it A. S. Riddle was the common source of title, he having conveyed it to appellee January 14, 1898, and appellant having purchased it at foreclosure sale under its own attachment levy made three days after the conveyance to appellee, but a few hours before he had filed his deed for record.

The agreed statement fails to show that appellant had any notice of the unrecorded deed prior to the levy. The property, however, was the business homestead of A. S. Riddle on and before January 14, 1898, but on that day he not only sold, in connection with the owner of the other half interest, the house and lot so used as his place of business to appellee, but also sold his stock in trade to C. R. Brock, and then and there entirely ceased to do business. No possession was taken by appellee under his deed prior to the levy. Our conclusion, therefore, is, that the property ceased to be the business homestead of A. S. Riddle January 14, 1898, and that the attachment levy made three days later at the instance of appellant, one of his creditors, created a lien, which was superior to the unrecorded deed to appellee. As to appellant, an attaching creditor of A. S. Riddle, this deed was void for want of registration, and therefore did not in the least interfere with appellant's levy. It was only important as evidence of the abandonment of the homestead. As appellee had ample time to either file his deed for record or take possession of the property before the levy, he has no one to blame but him-

self for the consequences of this decision.   Rev. Stats., art. 4640; Willis v. Pounds, 25 S. W. Rep., 715; Barnett v. Squyres, 54 S. W. Rep., 241.

The judgment is therefore reversed and here rendered for appellant for one half the property, with rents at $82.50 per month since the institution of the suit, and costs of both courts, and for possession in common with appellee, the owner of the other half interest.

*Reversed and rendered.*

Writ of error refused.