## RULE v. RICHARDS.†

(Court of Civil Appeals of Texas. Amarillo. May 17, 1913. Rehearing Denied June 7, 1913.)

1. VENDOR AND PURCHASER (§ 242*)—JUNIOR PURCHASER — PRIOR UNRECORDED DEED — BURDEN OF PROOF—NOTICE.

A junior purchaser of land attempting to defeat the title of the holder of a prior unrecorded deed from the same grantor of the same land has the burden of showing by evidence, outside the recitals in his conveyance, that he purchased for a valuable consideration and without notice of a prior conveyance.

[Ed.—Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 603–605; Dec. Dig. § 242.*]

2. JUDGMENT (§ 788*) — LIEN — HOLDER OF PRIOR UNRECORDED DEED — BURDEN OF PROOF—NOTICE.

As against a creditor whose lien has been fixed on land by legal process against his debtor, the holder of an unrecorded deed from such debtor has the burden of proving notice of his right to such purchaser at the time of or before the attachment of the lien.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1368, 1369; Dec. Dig. § 788.*]

3. EVIDENCE (§ 318*)—EX PARTE AFFIDAVIT.

On an issue as to the validity of an execution sale of certain land as against the holder of a prior unrecorded deed from the debtor, the ex parte affidavit of the judgment creditor that his wife purchased the land under the order of sale and paid for the same out of separate funds was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

4. EVIDENCE (§ 178*)—BEST AND SECONDARY EVIDENCE—ATTACHMENT—RETURN.

Where an original attachment and a return thereon was lost and the contents of the attachment and return could not therefore be proved by the writ in the ordinary manner, secondary evidence was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 580–594; Dec. Dig. § 178.*]

5. JUSTICES OF THE PEACE (§ 124*) — REAL PROPERTY — LIEN — FORECLOSURE — JUDGMENT.

Rev. St. 1895, art. 213, creates a lien on property when levied on by attachment, and article 214 declares that, when land is levied on by attachment issued out of a justice's court, no decree foreclosing the lien shall be necessary, but the judgment shall briefly recite the issuance of levy of attachment, and such recital shall be sufficient to preserve the lien. Held that, since where land is attached under a justice's judgment it is not necessary that the judgment foreclosing a lien be entered, a recital of such foreclosure in a judgment did not render it void but should be considered as a noting of the fact of the issuance and levy of the attachment and preservation of the lien.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 389, 393, 394; Dec. Dig. § 124.*]

6. JUSTICES OF THE PEACE (§ 135*)—DESIGNATION—ORDER OF SALE.

The fact that the execution issued on the judgment foreclosing an attachment lien on land was called an order of sale did not affect its validity, since the term "execution" applies to all process issued to carry into effect the final judgment of the court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447, 749; Dec. Dig. § 135.*]

7. EVIDENCE (§ 372*) — RECORDS — ANCIENT DOCUMENTS — DEFECTIVE ACKNOWLEDGMENTS.

Rev. St. 1895, art. 2312, as amended by Acts 30th Leg. c. 165, provides that every instrument which had been or shall thereafter be actually recorded for ten years, whether proved or acknowledged as required or not, shall be admitted in evidence in any suit in the state and shall be admitted without the necessity of proving its execution, provided no claim adverse or inconsistent to the one evidenced by the instrument shall have been asserted during the ten years. Held, that such act did not render a defectively acknowledged bond for title admissible in evidence as against one claiming under an attachment lien on the property as that of the grantor in the bond, where the latter's rights were asserted within a year after the recording of the bond.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1613–1627; Dec. Dig. § 372.*]

8. TRESPASS TO TRY TITLE (§ 35*) — PLEADING.

Where plaintiff in trespass to try title pleads his title specifically, he will be required to prove his allegations as laid.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 50–52; Dec. Dig. § 35.*]

9. EXECUTION (§ 319*)—SALE — SURETIES—DEEDS—RECITALS.

A sheriff's deed for real property reciting a sale by virtue of an order of sale was insufficient to prove that the sale was pursuant to a valid judgment and execution which the holder of the title was required to establish by other evidence.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 935–939; Dec. Dig. § 319.*]

Appeal from District Court, Cottle County; Jo A. P. Dickson, Judge.

Action by T. J. Richards against Johnnie Floyce Rule. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

See, also, 149 S. W. 1073.

M. M. Hankins and W. T. Perkins, both of Quanah, and Veale & Davidson, of Amarillo, for appellant. R. D. Browne, of Paducah, for appellee.

HUFF, C. J. On April 14, 1910, the appellee, T. J. Richards, sued Johnnie Floyce Rule, appellant, to remove cloud from 27 town lots in the town of Paducah, Cottle county, in which he sets out his title specifically about as follows: First. Patent to R. Potts, dated September 20, 1893. Second. Warranty deed from R. Potts to R. E. Avent November 2, 1893, recorded April 4, 1894. Third. Judgment for debt, foreclosing attachment lien on the lots in question in a suit against R. E. Avent by S. B. Harwell, attachment levied on the property the 11th day of June, 1894. Fourth. Sheriff's deed, reciting therein a sale, by virtue of an order of sale issued on said judgment, dated January 23, 1895, and filed for record January 30, 1895. Fifth. Warranty deed from S. B. Harwell and wife, N. A. Harwell to T. J. Richards, dated February 11, 1909, filed for record March 16, 1909. The appellee also pleaded three, five, and ten years' statutes of limita-

tions, and further alleges: "Plaintiff will further show to the court that the defendant's claim to said land and premises hereinabove described is founded upon the following instruments, to wit: (a) Deed from R. E. Avent to J. H. Rule, dated December 18, 1893, filed for record July 14, 1894, recorded in volume 6, p. 38, deed records of Cottle county, Tex.; (b) quitclaim deed from Mrs. Mary Rule, widow of J. H. Rule, to Johnnie Floyce Rule, dated June 2, 1910, filed for record June 13, 1910, and recorded in volume 18, p. 200, deed records of Cottle county, Tex. Fifth. This plaintiff will further represent to the court that the defendant is setting up some claim of title to the above-described lots and premises under and by virtue of said instruments, notwithstanding your plaintiff, by reason of the premises and matters herein set forth, is vested with full and complete fee-simple title to said land and premises and all the right, title, and interest that the defendant or those under whom he claims ever had, if any, in said land and premises has long since been divested out of defendant and those under whom she claims and is now vested in this plaintiff; that said instruments last mentioned and claims of the defendant thereunder operate as a cloud on the title of this plaintiff to said lands and premises, which your plaintiff is entitled to have removed." The petition closes with a prayer to remove the cloud and to recover the lots in question.

The appellant answered by general exception, general denial, plea of not guilty, and pleaded the title of appellant is as alleged, except that it consisted in part of a certain bond for title, executed May 19, 1893, by R. A. Avent to J. H. Rule, filed for record May 23, 1893, and recorded May 24, 1893, in the deed records of Cottle county. The court overruled the appellant's general exceptions and after trial rendered judgment for appellee, vesting the title in appellee to the lots and removing the cloud created by the instruments set out in appellee's petition.

The appellant, by the first assignment, alleges error in the action of the trial court in overruling the appellant's general exception to the petition, and by the second assignment that the court erred in admitting in evidence the testimony of S. B. Harwell to the effect that he did not have notice or knowledge that any person other than R. E. Avent owned or claimed any interest in or to the lots in question at the time he instituted suit against R. E. Avent, and at the time he had the attachment levied upon the property. Appellee objected to the testimony because it was immaterial, irrelevant, and incompetent. S. B. Harwell was the plaintiff in the suit against R. E. Avent in the justice court, precinct No. 1, Cottle county, in which attachment was issued and levied on the lots in question and foreclosed by the judgment of that court. The grounds in part of the appellant's exception and objection appears to

be that it was incumbent on appellee to allege and prove that Harwell, when the land was levied on, did not have notice of appellant's claim to the lots. The petition did not allege the want of notice on the part of Harwell when the levy was made upon the lots.

[1] On the former appeal of this case, on motion for rehearing, this court held: "It is necessary for him (appellee) to show by the evidence that either he or his vendor (Mrs. N. A. Harwell) bought said land for a valuable consideration without notice of the claim under which appellant holds, and, having failed in this because of the execution and record of the deed above referred to, it then becomes necessary for appellee to show affirmatively, in order to recover, that, at the time of the fixing of S. B. Harwell's attachment lien, he (the said S. B. Harwell) had no notice of the claim under which appellant holds." The court cited a number of decisions holding that a junior purchaser under a voluntary sale was required to show he had no notice of the previous unrecorded deed, and also cited the cases of L. & H. Blum Land Co. v. Harbin, 33 S. W. 153, and Walker v. Downs, 64 S. W. 682, which appear to place the burden on the junior claimant to prove that the execution plaintiff did not have notice of the adverse claim at the time of the levy. The two authorities support the court's holding in this case on the former appeal, but, as we now understand the holdings of the Supreme Court, this ruling was error. Barnett v. Squyres, 93 Tex. 193, 54 S. W. 241, 77 Am. St. Rep. 854; Turner v. Cochran, 94 Tex. 480, 61 S. W. 923. A discussion of the rule as announced by the Supreme Court will be found in the following cases: Rogers v. Houston, 60 S. W. 446, 448; Rogers v. Houston, 94 Tex. 403, 60 S. W. 869; Whitaker v. Farris, 45 Tex. Civ. App. 378, 101 S. W. 457; Bell Hardware Co. v. Riddle, 31 Tex. Civ. App. 411, 72 S. W. 613.

In the case of Barnett v. Squyres, supra, the Supreme Court said: "The decisions of this court have determined the rule to be otherwise, placing the burden upon the person asserting right under unrecorded instruments to show notice to the creditor prior to the acquisition of the lien."

[2] In the case of Turner v. Cochran, Judge Williams, who rendered the Squyres decision, again speaking for the Supreme Court, said: "The decisions of this court have settled two propositions respecting the burden of proof in such cases: First. That a junior purchaser of land, attempting to defeat the title of the holder of a prior unrecorded deed from the same grantor for the same land, has the burden to show, by evidence outside the recitals in his conveyance, that he purchased for valuable consideration and without notice of the previous conveyance. Watkins v. Edwards, 23 Tex. 443; Hawley v. Bullock, 29 Tex. 217; Rogers v. Pettus, 80 Tex. 425, 15 S. W. 1093. Second. That, as against a creditor whose lien has been fixed upon land by

legal process against his debtor, the holder of a prior unrecorded deed from such debtor has the burden of proving notice of his right to such creditor at the time of or before the attaching of the lien. Linn v. Le Compte, 47 Tex. 442; Wright v. Lassiter, 71 Tex. 644, 10 S. W. 295. These cases were followed in Barnett v. Squyres, 93 Tex. 193 [54 S. W. 241, 77 Am. St. Rep. 854]."

Under the authority of the Supreme Court, we now hold the burden was not on appellee to allege and prove want of notice to S. B. Harwell, but that burden was on appellant, and on that point the first and second assignments are overruled. We will, however, consider the general exceptions in the further discussion of the case.

[3] We do not think admissible the ex parte affidavit of S. B. Harwell to the effect that his wife, N. A. Harwell, purchased the lots at the sale under the order of sale and paid for the same out of separate funds.

[4] The testimony of S. B. Harwell, to the effect that he instituted suit and that an attachment issued and was levied on the lots, is not ordinarily admissible to prove the contents of attachments or judgments, but was doubtless admitted in this case only to identify the witness as the party named in the proceedings. In order to prove a lien by virtue of an attachment, the writ itself should be produced, but in this case the original attachment was lost, together with the return thereon, and hence secondary evidence was admissible.

R. E. Avent is the common source of title. On the 5th day of October, 1894, S. B. Harwell obtained judgment against R. E. Avent in the justice court, precinct No. 1, Cottle county, Tex., by default in the sum of $164.30, and reciting therein the foreclosure of an attachment lien which was levied on the lots in question with others on the 11th day of June, 1894. Plaintiff introduced in evidence certified copy of the attachment records of Cottle county, Tex., Book 1, p. 7, as follows: "S. B. Harwell against R. E. Avent, amount of debt, $164.33, justice court 1, Cottle county, June 9, 1894. Return of Officer: Came to hand on this the 11th day of June, A. D. 1894, and executed on this the 11th day of June, A. D. 1894, at 4 o'clock p. m., by levying upon and taking into my possession the property of the within-named defendant, R. E. Avent, all of the following described property, situated in the town of Paducah, county of Cottle, state of Texas." Then follows the description of lots.

Appellee next introduced a sheriff's deed to Mrs. N. A. Harwell, conveying the lots, reciting that the sum of $50 was bid on the same and paid to the sheriff by Mrs. N. A. Harwell, reciting that the sale had been made by virtue of an order of sale, issued out of the justice court in the above case, which deed is dated January 23, 1895, and recorded January 30, 1895. A deed from S. B. Harwell and wife, N. A. Harwell, to T. J. Richards, conveying the lots for the recited consideration of $200, dated the 11th day of February, 1909, and properly recorded. The evidence shows that the papers in the case of Harwell v. Avent were lost and could not be found in the justice court's office. It is further shown that the execution docket of said court had no entry showing that an execution or order of sale was issued and entered upon such docket, or entry showing a return on it of any execution or order of sale. There is no oral testimony either from the justice of the peace, sheriff, or any one else that the execution or order of sale issued. In fact, the only evidence of such writ is that contained in the sheriff's deed.

Appellant suggests fundamental error in the rendition of the judgment by their reply brief, because no execution or return of the sheriff thereon showing the sale of the lots was introduced in evidence, and by the third assignment of error suggests the insufficiency of the evidence, apparently upon other grounds than that mentioned in the reply brief.

[5] The testimony in this case shows that the original papers in the justice court, precinct No. 1, were lost; hence we think the recitation of the judgment entry that the writ of attachment had been issued June 11, 1894, and levied upon the property in question, together with the record of the same in the records of Cottle county, kept for recording attachment liens, were sufficient to establish the attachment and the levy on the lots. Article 213 of the Revised Statutes of 1895 creates a lien on the property when levied upon by attachment. Article 214 is to the effect when land is levied on by virtue of an attachment, issued out of a justice court, that no decree foreclosing the lien "shall be necessary, but the judgment shall briefly recite the issuance and levy of such attachment, and such recital shall be sufficient to preserve such lien. The land so attached may be sold under execution after judgment, and the sale thereof shall vest in the purchaser all the estate of the defendant in attachment in such land at the time of the levy of such writ of attachment." The order of sale or execution issued on that judgment is not in the record. The evidence shows that the execution docket of the justice court had no entry upon it showing the issuance of execution in the case of S. B. Harwell v. R. E. Avent. All papers appear to have been lost from the files. The sheriff's deed recites that he made the sale by virtue of an order of sale, issued out of the justice court, precinct No. 1, Cottle county, in the case of S. B Harwell v. R. E. Avent, on a certain judgment and decree of sale rendered the 5th day of October, 1894, and recites all the necessary precedent steps as to advertisement, time and place of sale within the

hours prescribed by law, and sale to Mrs. N. A. Harwell, for the sum of $50, of the lots in question. We do not believe the testimony offered, after the proof of the loss of the papers from the files of the court, is sufficient to support the judgment of the trial court that the necessary precedent power was in the sheriff to make the sale and execute the deed. The objection is made that the judgment of the justice court, foreclosing the lien, is void as it had no power to render such judgment. This court held on the former appeal that the judgment was not void for that reason, basing its opinion on the case of Hillebrand v. McMahan, 59 Tex. 450; Grizzard v. Brown, 2 Tex. Civ. App. 584, 22 S. W. 252. We think the opinion of this court in that holding correct. It will be noted the statute referred to provides it shall not be necessary to foreclose, but by noting the fact of the issuance of the attachment and the levy on the property the lien is preserved. The fact that the judgment recites the lien is foreclosed we think in this case should be treated as a notation preserving the lien. Our attention has been directed to the cases of Patterson v. McMinn, 152 S. W. 223; Hamill v. Samuels, 135 S. W. 746. In the Patterson Case, supra, it is said: "The court was in error, however, in foreclosing the lien; the proper practice in cases of foreclosure of attachment liens in the county court being briefly to recite," etc. To the same effect is the Hamill Case. The judgment in those cases was reversed in part because of the violation of this proper practice. The recital in the judgment in question of this case that the lien was foreclosed did not destroy the lien which was created by the statute when the levy was made. We think the judgment in a collateral attack would be good for the amount rendered and the property could be sold under execution to satisfy the same.

[6] The fact that the execution was called an order of sale will not affect its validity as an execution. "The term 'execution' applies to all processes issued to carry into effect the final judgment of a court." Pierson v. Hammond, 22 Tex. 585; Sedwick v. Ritter, 128 Ind. 209, 27 N. E. 610–611.

In addition to the instruments set out in appellee's petition as being a cloud upon appellee's title and under which appellant claims, appellant offered in evidence a bond for title covering the land in question from R. E. Avent to J. H. Rule, dated the 19th day of May, 1893. The acknowledgment to the instrument is as follows: "State of Mississippi, County of Sunflower. Before me, the undersigned authority, on this day personally appeared R. E. Avent, who acknowledged signing the foregoing instrument for the purposes and consideration therein expressed. Signed and delivered the 19th day of ――――, A. D. 1893. U. D. Link, Justice of the Peace, Sunflower county, Mississippi."

[7] It was recorded on the 23d day of May, A. D. 1893, in the deed records of Cottle county. The appellee objected to the introduction of this instrument because it was acknowledged before a justice of the peace of another state, and because it is not shown to have been taken before a notary public or that such justice of the peace was a notary public. That there was no seal of the officer taking the acknowledgment and because the maker of the instrument is not identified in the certificate of acknowledgment. The trial court sustained the objection to the introduction of this deed, which ruling is assigned as error. We approve of what was said by this court as to this instrument on the former appeal, but the additional ground is urged on this appeal that article 2312, Revised Statutes, as amended by the act of April 27, 1907, by the Thirtieth Legislature, p. 308, made the same admissible. The amendment affecting this case is as follows: "Every instrument which has been or hereafter may be actually recorded for a period of ten years in the book used by said clerk for the recording of such instruments, whether proved or acknowledged in such manner or not, shall be admitted as evidence in any suit in this state without the necessity of proving its execution: Provided no claim adverse or inconsistent to the one evidenced by such instrument shall have been asserted during that ten years." If the filed instrument had been recorded ten years, it is admissible in evidence whether the acknowledgment "is in form or substance such as required by the laws of this state." As will be seen from the statement heretofore made of this case, this bond or deed was recorded May 24, 1893, while the levy of the attachment of the lots was made on June 11, 1894, as the property of R. E. Avent and the lots sold as his under execution in January, 1895, and the sheriff's deed duly recorded at that time. In the case of Sims v. Sealy, 53 Tex. Civ. App. 518, 116 S. W. 630, it is said: "The act in question by its terms does not apply as against a claim adverse to or inconsistent with that evidenced under the instrument, which has been asserted during the first ten years that the instrument has been upon the record." We do not think the statute will authorize the introduction of the bond as evidence or as notice against appellee, as his claim of title through an attachment lien on the lots as the property of Avent is inconsistent to the claim of appellant and was so asserted within a year after the recordation of the bond and his rights, if any he had, were fixed under the law as it then existed. Had the appellee not pleaded limitation, we believe the general exception to the petition should have been sustained for the reasons hereinafter mentioned.

[8] As we understand the law to be in this state, in the action of trespass to try title, when the plaintiff pleads his title spe-

cifically he will be held to prove his allegations as alleged. Sterling v. Self, 30 Tex. Civ. App. 284, 70 S. W. 240; Edwards v. Barwise, 69 Tex. 84, 6 S. W. 677. Pleadings form the basis of every recovery, and in order to sustain the judgment it must be found that pleadings allege facts necessary to a recovery.

[9] The pleadings in this case only allege a sheriff's deed, and, as we interpret the allegation, that the deed recites a sale by virtue of an order of sale. There is no allegation that there was in fact issued out of the justice court an execution or order of sale, by virtue of which the property was sold. The evidence does not show that such order of sale was issued out of the justice court, but on the contrary, negatives that it was so issued. There is no entry of any such issuance on the execution docket or of the return of any such order of sale. The only evidence of the issuance of the execution or the order of sale is that contained in the recitals of the sheriff's deed. In order to support a sheriff's deed it has been repeatedly held that there must be shown a valid judgment and a valid execution. Howard v. North, 5 Tex. 311, 51 Am. Dec. 769; Sadler v. Anderson, 17 Tex. 245; Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; McKay v. Paris Exchange Bank, 75 Tex. 181, 12 S. W. 529, 16 Am. St. Rep. 884; Leland v. Wilson, 34 Tex. 79; Tudor v. Hodges, 71 Tex. 392, 9 S. W. 443; Kruegel v. Cobb, 124 S. W. 726; Lamar County v. Talley, 127 S. W. 277; Trevino v. Fernandez, 13 Tex. 630.

In Howard v. North, supra, it is said: "The statute directs the sheriff, after sale has been made and the terms complied with, to execute and deliver a conveyance to the purchaser, but does not prescribe the facts which shall be stated in the deed, or that the authority under which the sheriff acted shall be recited. The recital in the deed is not made by the statute, nor is it on general principles of law a substantial and efficient part of it, nor is it evidence of the facts recited in it, except between the immediate parties to it. * * * The usage of incorporating in the sheriff's deed a recital of the authority under which he sold was commended as productive of great convenience, as well to the sheriff as to the purchaser. It would point the former to his authority to sell and would facilitate the latter in deriving his title; but it was held to be not indispensable. The recital of the power to sell and convey did not give the right, nor was it evidence of the right."

In Wofford v. McKinna, 23 Tex., supra, the court said: "A sheriff's deed is inoperative without proof of the power to sell. It is no evidence of title without the introduction of the judgment or execution."

In the case of Leland v. Wilson, 34 Tex., supra, it is said: "A sheriff, by the recitals in his deed, cannot bind a party whose land he may have improperly sold; the recitals are to be regarded only as inducement. Howard v. North, 5 Tex. 290, 51 Am. Dec. 769; Jackson v. Pratt, 10 Johns. (N. Y.) 381. The maxim, 'Omnia præsumuntur recte,' is only applicable to the record of judicial proceedings, and is not to be applied to the exercise of ministerial functions. In the case of Jackson v. Roberts, Ex'rs, 11 Wend. (N. Y.) 433, the court says: 'We may well inquire whether a sheriff has power to make evidence in favor of his own acts against others, which shall be conclusive against their rights. If it is evidence against a stranger, of what is it evidence? Of all the facts necessary to make out the grantee's title, or part only? If the former, it must be evidence of judgment and execution and of the debtor's title to the premises; *yet it is well settled that it is not evidence of these things, but they must be proved aliunde.* The sheriff sets forth in his deed that he sold, by virtue of an execution, the property of the defendant in that suit. If his dictum is conclusive evidence of this, I can conceive of no safeguard against sales on pretended or forged executions.' "

The sheriff's deed is not necessary in proving title. The essential prerequisites of title is the valid judgment and execution. The deed is but the ministerial act of the officer executing it. It proves nothing but the sale. If he should misdescribe the judgment or execution, it would not affect the title to the land sold, or in fact, if no deed was made, the sale under execution would be sufficient to pass the title without a deed. It may well be doubted whether the recitation in the deed of the sale of land can be used as evidence, binding those who are not the immediate parties thereto. In this case, there being no allegation that an execution was issued and levied upon the lots by virtue of which they were sold, and there being no evidence in the record that an order of sale or execution was in fact issued on the judgment, there is no power shown in the sheriff to make the deed, and without such power his deed would be ineffectual and of no validity. The records of the justice court, if they prove anything, prove the execution or order of sale did not issue. There is no entry of the issuance of any such writ on the execution docket. We therefore conclude the court was in error in holding that appellee proved title and in rendering judgment for him for the lots and in canceling the instruments by which he alleges appellant claims some interest in the land.

This case having been heretofore appealed and is now before this court without any change in the allegations of the petition as to title, we believe, under the evidence adduced, it should be reversed and here rendered, and it is accordingly so ordered.