

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00096-CV

KEITH M. JENSEN, P.C.                                          APPELLANT

V.

ROGER M. BRIGGS, JR.                                          APPELLEE

----------

### FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 48-183100-00

----------

## MEMORANDUM OPINION[1]

----------

Appellant Keith M. Jensen, P.C. appeals from the trial court's order denying its application for writ of scire facias to revive a dormant judgment. In two issues, it argues that a turnover order prevented the underlying judgment from becoming dormant for ten years after the turnover order was issued. By cross-point, Appellee Roger M. Briggs, Jr. seeks sanctions against Jensen for

---

[1]*See* Tex. R. App. P. 47.4.

filing a frivolous appeal. We affirm the trial court's judgment and overrule Briggs's cross-point.

## Background

On August 31, 2001, Jensen obtained a judgment against Briggs for $313,786.67 in actual damages, $1,255,146.68 in punitive and exemplary damages, and $51,792.30 in prejudgment interest, plus court costs and postjudgment interest at the rate of 10 percent per annum, compounded annually, until paid. In an effort to collect the judgment, Jensen filed an application for turnover order on March 11, 2003, seeking legal and equitable title to Briggs's 1992 Toyota Supra Turbo.[2] The trial court granted Jensen's application on April 11, 2003, awarding Jensen legal and equitable title to and ownership of the vehicle and ordering and authorizing the Texas Department of Transportation to issue a certificate of title identifying Jensen as the owner. Jensen acquired title to the vehicle, sold it, and applied the proceeds to the judgment.

On November 25, 2013, Jensen filed an application for writ of scire facias to revive the judgment, claiming that the judgment remained unsatisfied. Jensen

---

[2]Jensen already had possession of the vehicle when it filed its application. During the pendency of the underlying lawsuit, Briggs gave Jensen written permission to "pick up, drive, obtain licenses, plates and registration for, sell and/or otherwise dispose of the [vehicle]." Jensen took possession of the vehicle in May 2000 and satisfied the lien on the vehicle in April 2002. The purpose of Jensen's application was, in part, to direct the Texas Department of Transportation to issue a certificate of title to the vehicle to Jensen rather than to Briggs.

asserted the April 11, 2003 turnover order was a writ of execution that prevented the judgment from becoming dormant until April 11, 2013, ten years after the issuance of the turnover order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001(b) (West 2015). Briggs responded, arguing that because no writ of execution had been issued, the judgment became dormant on August 31, 2011, ten years after the judgment was rendered, and therefore, Jensen's application to revive the judgment was untimely because Jensen did not file it within two years of the judgment becoming dormant. *See id.* §§ 34.001(a), 31.006 (West 2015). The trial court denied Jensen's application, and Jensen appealed.

## Discussion

Jensen contends the trial court erred by denying its application for writ of scire facias to revive the dormant judgment against Briggs because it timely filed its application and, therefore, was entitled to have the dormant judgment revived.

**Applicable law and standard of review**

The preservation and dormancy of judgments is governed by section 34.001 of the civil practice and remedies code, which provides in pertinent part as follows:

> (a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

> (b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second

3

writ may be issued at any time within 10 years after issuance of the first writ.

*Id.* § 34.001(a), (b). Under section 34.001, a judgment does not become dormant until the expiration of ten years from the date the last writ of execution was issued. *See id.* § 34.001(b). If no writ of execution is issued within ten years after the judgment is rendered, the judgment becomes dormant. *Id.* § 34.001(a). A judgment creditor may renew a judgment "indefinitely by having a writ of execution issued within ten years of the previous writ" to prevent the judgment from becoming dormant. *Cadle Co. v. Fahoum*, No. 02-06-00459-CV, 2008 WL 754992, at *2 (Tex. App.—Fort Worth Mar. 20, 2008, no pet.) (mem. op.); *see* Tex. Civ. Prac. & Rem. Code Ann. § 34.001(b).

Once a judgment becomes dormant, it can be revived by a petition for writ of scire facias or an action of debt. Tex. Civ. Prac. & Rem. Code Ann. § 31.006. A creditor must bring either type of action no later than two years after the judgment becomes dormant. *Id.* In determining whether to revive a dormant judgment, a trial court considers the date of the judgment, evidence of any writs of execution issued on the judgment, and the date of the motion to revive. *Cadle Co. v. Rollins*, No. 01-09-00165-CV, 2010 WL 670561, at *2 (Tex. App.—Houston [1st Dist.] Feb. 25, 2010, no pet.) (mem. op.); *see Trad v. Colonial Coins, Inc.*, No. 14-02-00172-CV, 2003 WL 124680, at *2 (Tex. App.—Houston [14th Dist.] Jan. 16, 2003, no pet.) (mem. op.) (stating that because appellant timely filed motion for scire facias, the judgment "should be revived" and

4

indicating that revival of judgment is not discretionary if statutory requirements to revive dormant judgment are satisfied). Whether the turnover order in this case was a writ of execution is a question of law we review de novo. *See Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) (stating issues of statutory construction are reviewed de novo).

**Application**

Jensen and Briggs agree that the judgment is dormant, but they disagree as to the date the judgment became dormant. Briggs contends that because the turnover order was not a writ of execution, the judgment became dormant on August 31, 2011, ten years after the rendition of judgment. Jensen contends the judgment became dormant on April 11, 2013, ten years from the date of the issuance of the turnover order. In both of its issues, Jensen argues that a turnover order is a writ of execution for purposes of preventing a judgment from becoming dormant, and as such, the turnover order extended the date of dormancy for the judgment to ten years after the date the turnover order was issued. Thus, the resolution of this appeal turns on whether the turnover order, issued within ten years of the rendition of the judgment, was a "writ of execution" under section 34.001, thereby extending the life of the judgment by ten years from the date of its issuance. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a), (b).

In its first issue, Jensen contends the trial court erred in holding, contrary to *Pierson v. Hammond*, 22 Tex. 585 (Tex. 1858), that a turnover order—the

5

object of which is to enforce a judgment—was not an execution. Jensen argues that under *Pierson*, the turnover order was an execution because it was issued to aid in the enforcement of the judgment. In *Pierson*, the appellee claimed that an order of sale commanding the sheriff to sell property to satisfy a judgment was not a writ of execution "within the meaning of the statute" at issue in the case. *Id.* at 586. The supreme court disagreed, stating:

> The term, execution, applies to all processes issued to carry into effect the final judgment of a court. Any writ, which authorizes the officer to carry into effect such judgment, is an execution. We see no cause to doubt that it was used in this comprehensive sense in the statute. The terms, "sequestration" and ""attachment," comprise all the process, by virtue of which personal property may be seized before judgment; and "execution," all process by which it may be seized after final judgment. The intention appears to have been to give this remedy in all cases where property is seized by the officer, under any writ of attachment, sequestration, or execution.

*Id.* at 587 (citations omitted). Based upon this language in *Pierson*, Jensen contends that the term "execution" means "all processes issued to carry into effect the final judgment" and includes all processes by which a judgment creditor may seize property after final judgment. Thus, Jensen argues, the term "execution" as used in section 34.001 is a comprehensive term that encompasses "all writs and orders, the object of which is to enforce the judgment," and therefore, the turnover order was a "writ of execution" that extended the life of the judgment under the statute.

But the court in *Pierson* also stated that "[a]ny writ, which authorizes the officer to carry into effect such judgment, is an execution." *Id.* Consistent with

6

*Pierson*, the rules of civil procedure require that an execution be directed to a sheriff or constable. *See* Tex. R. Civ. P. 622, 629. Under the rules, "[a]n execution is a process of the court from which it is issued," Tex. R. Civ. P. 622, through which a judgment creditor can enforce a judgment. Tex. R. Civ. P. 621. A writ of execution is issued by the clerk of the court where the judgment was signed, *see* Tex. R. Civ. P. 622, 627, and must comply with the following requirements:

> The style of the execution shall be "The State of Texas." It shall be directed to any sheriff or any constable within the State of Texas. It shall be signed by the clerk or justice officially, and bear the seal of the court, if issued out of the district or county court, and shall require the officer to execute it according to its terms, and to make the costs which have been adjudged against the defendant in execution and the further costs of executing the writ. It shall describe the judgment, stating the court in which, and the time when, rendered, and the names of the parties in whose favor and against whom the judgment was rendered. A correct copy of the bill of costs taxed against the defendant in execution shall be attached to the writ. It shall require the officer to return it within thirty, sixty, or ninety days, as directed by the plaintiff or his attorney.

Tex. R. Civ. P. 629. Once delivered to any sheriff or constable in Texas, the writ empowers the officer to levy on a debtor's nonexempt real and personal property within the officer's jurisdiction and sell the property. Tex. R. Civ. P. 622, 637, 646a, 649.

Here, the turnover order was not issued by the clerk or directed or delivered to a sheriff or constable for subsequent action.[3] *See* Tex. R. Civ. P.

---

[3]The vehicle was sold, but the sale was not conducted by an officer.

7

622, 629. Because the turnover order in this case does not satisfy these requisites of execution, it is not a writ of execution. *See Raymond K. Oukrop, DDS, P.C. v. Tatsch*, No. 03-12-00721-CV, 2014 WL 3734192, at *4 (Tex. App.—Austin July 23, 2014, no pet.) (mem. op.) ("A turnover order does not satisfy the requisites of execution [set forth in the rules of civil procedure] because it is not issued by the clerk and served by a sheriff or constable of the State."). Thus, the turnover order did not prevent the judgment from becoming dormant. *See id.* (holding that a turnover order is not a writ of execution preventing a judgment from becoming dormant under civil practice and remedies code section 34.001). Accordingly, we overrule Jensen's first issue.

In its second issue, Jensen contends the trial court erred in holding, contrary to Texas Rule of Civil Procedure 622, that turnover orders are not enforced by execution. Jensen argues that it executed on the judgment by seeking and obtaining the turnover order, acquiring title to the vehicle, and selling the vehicle in partial satisfaction of the judgment. Jensen also contends that execution does not require a sheriff or constable to levy upon the property because the turnover statute, section 31.002 of the Texas Civil Practice and Remedies Code, entitled "Collection of Judgment Through Court Proceeding," does not require their involvement.

A turnover order is "a procedural device that assists judgment creditors in reaching a judgment debtor's property that is not easily seized by the more typical post-judgment procedures of execution or garnishment." *Guerinot v.*

8

*Wetherell*, No. 01-12-00194-CV, 2013 WL 2456741, at *3 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) (mem. op.); *see also* Tex. Civ. Prac. & Rem Code Ann. § 31.002 (West 2015). The turnover statute empowers the rendering court to aid a judgment creditor's efforts to reach the judgment debtor's property to satisfy the judgment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 31.002. The purpose of a turnover proceeding is to ascertain whether an asset is either in the judgment debtor's possession or subject to the debtor's control. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 227 (Tex. 1991). The statute permits a court to

> (1) order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution;
>
> (2) otherwise apply the property to the satisfaction of the judgment; or
>
> (3) appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment.

Tex. Civ. Prac. & Rem. Code Ann. § 31.002(b)(1)–(3). The statute "require[s] the burden of production of property which is subject to execution to be placed with the debtor instead of a creditor attempting to satisfy his judgment." *Buller*, 806 S.W.2d at 226 (quoting House Comm. on Judicial Affairs, Bill Analysis, Tex. H.B. 1260, 66th Leg. (1979)).

As discussed above, the rules of civil procedure set forth the requisites of execution. The rules define execution as a process, issued by a court, executed through a Texas sheriff or constable for purposes of collecting a judgment. *See*

9

Tex. R. Civ. P. 621, 622, 629. Jensen claims by seeking and obtaining the turnover order, acquiring title to the vehicle, and selling the vehicle in partial satisfaction of the judgment, he satisfied the requisites of execution set forth by rule 622.

Rule 622 provides as follows:

An execution is a process of the court from which it is issued. The clerk of the district or county court or the justice of the peace, as the case may be, shall tax the costs in every case in which a final judgment has been rendered and shall issue execution to enforce such judgment and collect such costs. The execution and subsequent executions shall not be addressed to a particular county, but shall be addressed to any sheriff or any constable within the State of Texas.

Tex. R. Civ. P. 622. Rule 622, as well as rule 629, requires that a writ of execution be issued by the clerk and directed to a sheriff or constable. *See* Tex. R. Civ. P. 622, 629. Again, the turnover order is not a writ of execution because it does not satisfy the requisites of execution set forth in the rules of civil procedure for the reasons that it was neither issued by the clerk nor delivered to a sheriff or constable for subsequent action. *See Oukrop*, 2014 WL 3734192, at *4.

Jensen also argues it established "issuance within the statutory period" by obtaining title to the vehicle and selling it before the judgment became dormant. The term "issue," as applied to civil practice and remedies code section 34.001, "means more than mere clerical preparation of the writ and *requires* that the writ be delivered to an officer for enforcement." *Williams v. Short*, 730 S.W.2d 98, 99

10

(Tex. Civ. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (emphasis in original)

(citing *Bourn v. Robinson*, 49 Tex. Civ. App. 157, 107 S.W. 873, 875 (Texarkana

1908, no writ)). The writ must be placed in the hands of the officer whose duty it

is to execute it. *Id.* at 100.

> The judgment creditor carries the burden of proving not only clerical preparation of the writ within the statutory time period, but also either actual delivery to the appropriate officer within the period or, if actual delivery is made after expiration of the statutory period, then reasonable diligence in making delivery from the date shown on the writ until actual delivery to the officer.

*Rollins v. Am. Express Travel Related Servs. Co.*, 219 S.W.3d 1, 4 (Tex. App.—

Houston [1st Dist.] 2006, no pet.). Because Jensen has not proven clerical

preparation of a writ of execution within ten years of the date of judgment and

actual delivery to a sheriff or constable within that period or anytime thereafter, it

has not established that a writ of execution was issued. *See id.*

Jensen further opines that because turnover orders are to aid and benefit

judgment creditors, a holding that the turnover order is not a writ of execution is

inconsistent with the purpose of turnover orders. Jensen contends that strict

construction of the dormant judgment statute relates to the timing of execution,

not the manner of execution. We disagree.

In construing statutes, our primary objective is to give effect to the

legislature's intent. *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d

863, 867 (Tex. 2009). We rely on the plain meaning of the text as expressing

legislative intent unless a different meaning is supplied by legislative definition or

11

is apparent from the context, or the plain meaning leads to absurd results. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008). We presume the legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind. *See In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008); *Chastain v. Koonce*, 700 S.W.2d 579, 582 (Tex. 1985).

The only method provided under section 34.001 to prevent a judgment from becoming dormant is the issuance of a writ of execution. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001. In the statutory scheme for the enforcement of judgments, writs of execution and turnover orders are located in different chapters of the civil practice and remedies code. Turnover orders are discussed and provided for in chapter 31, which is entitled "Judgments," and writs of execution are discussed and provided for in chapter 34, which is entitled "Execution on Judgments." The legislature could have, but did not, provide that the issuance of a turnover order prevented a judgment from becoming dormant or that turnover orders could be a form of writ of execution. Even though turnover orders are among the several methods to collect or enforce judgments, a turnover order is not a writ of execution and does not prevent a judgment from becoming dormant. *Oukrop*, 2014 WL 3734192, at *4 (citing Tex. R. Civ. P. 622–56; Tex. Civ. Prac. & Rem. Code Ann. § 34.001). Thus, we overrule Jensen's second issue.

12

## Sanctions for Filing of a Frivolous Appeal

By cross-point, Briggs seeks sanctions against Jensen for the filing of a frivolous appeal. We are empowered to award "just damages" to a prevailing party on appeal if we "determine[] that an appeal is frivolous." Tex. R. App. P. 45. In determining whether an appeal is frivolous, we are to look objectively at the appellate record, from the appellant's point of view at the time the appeal was taken, to determine if it had reasonable grounds to believe the case could be reversed. *See Smith v. Marshall B. Brown, P.C.*, 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). To prevail on his request, Briggs must show that Jensen had no reasonable ground to believe the judgment would be reversed. *See Xtria L.L.C. v. Int'l Ins. Alliance Inc.*, 286 S.W.3d 583, 598 (Tex. App.—Texarkana 2009, pet. denied); *Smith*, 51 S.W.3d at 381. The decision to award sanctions is within this court's discretion, but just damages under rule 45 are warranted only in "egregious" cases. *Durham v. Zarcades*, 270 S.W.3d 708, 720 (Tex. App.—Fort Worth 2008, no pet.). We do not believe this case warrants the award of sanctions, and we therefore overrule Briggs's cross-point.

**Conclusion**

Having overruled both of Jensen's issues, we conclude the trial court did not err by denying Jensen's application for writ of scire facias to revive the dormant judgment because the application was untimely. Thus, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: March 26, 2015