## SALLIE G. HARVEY ET AL. V. G. A. OGILVIE.

(Case No. 5246.)

1. PRACTICE—ASSIGNMENTS OF ERROR—See opinion for assignments of error not distinctly specifying the errors complained of, as required by the rules.

APPEAL from Limestone. Tried below before the Hon. L. D. Bradley.

This was an action of trespass to try title. The opinion renders it unnecessary to state the facts. The case was submitted to the court and a judgment rendered for the defendant, G. A. Ogilvie.

*James & Goff,* for appellants.

*L. J. Farrar,* for appellee.

STAYTON, ASSOCIATE JUSTICE—This cause was tried without a jury; the action is one of trespass to try title, and the answer sets up many defences. There was no request that the judge who tried the cause should file his conclusions of fact and of law, nor was there even a motion for a new trial.

The only assignments of error are as follows:

1. "The court erred in rendering the decree in favor of the defendant, said decree not being warranted by the evidence."

2. "The decree is contrary to the law and the evidence, and should

have been in favor of the plaintiff for title to and possession of the land in controversy, and for rents and damages as prayed in plaintiff's petition.''

The statute requires all errors, relied upon for the reversal of a judgment, to be distinctly specified, and it declares that ''all errors not so distinctly specified shall be considered by the supreme court or court of appeals as waived.'' R. S., Art. 1037.

In accordance with the power conferred upon this court to make rules and regulations for the government of this and other courts of this state, rules were adopted at the Tyler term, 1877, which have been published for the information of all persons. 47 Tex., 597-641.

Rules twenty-five and twenty-six are as follows:

'' To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of in a particular manner, so as to identify it, whether it be the ruling of the court upon a motion, or upon any particular part of the pleadings, upon the admission or rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular manner in which the judgment is erroneous, or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to.''

''Assignments of error which are expressed only in such general terms, as that the court erred in its rulings upon the pleadings, when there are more than one; or in its charge when there are a number of charges; or the verdict is contrary to law, or to the charge of the court, and the like, without referring to and identifying the proceeding, will not be regarded by the court as a compliance with the statute requiring the grounds to be distinctly specified, and will be considered as a waiver of errors, the same as if no assignment of errors had been attempted to be filed.''

Rule twenty-seven, as amended at the Tyler term, 1881, is as follows:

Rule 27. '' In cases submitted to the judge upon the law and facts, the assignments of error shall be governed by the same rules as in other cases, and the party desiring to appeal should, as a predicate for specific assignments of error, request the judge to state, in writing, the conclusions of fact found by him separately from the conclusions of law. And in an agreed case, under the statute, the foregoing rules as to assignments of error shall be complied with as far as practicable.'' This rule became operative from and after January 1, 1882. Hardin v. Alley, 57 Tex., 587.

Under these rules it is manifest that the assignments of error are not such as entitle appellants to a revision of the judgment appealed from, and it will be affirmed.

AFFIRMED.

[Opinion delivered May 4, 1886.]