No. 5983.

## J. D. TUDOR *v.* J. C. HODGES.

1. JUDGMENT TO SUPPORT SHERIFF'S DEED.—In an action of trespass to try title, the defendant only pleading not guilty, a sheriff's deed offered by defendant, without a judgment and execution to support it, was properly excluded.

2. ASSIGNMENT OF ERRORS.—The assignment of errors should point out distinctly the action of the court complained of.

3. EXCEPTIONS to conclusions of law and fact are not necessary where a statement of facts and bills of exceptions are brought up in the record.

4. CASE LIMITED.—Insurance Company v. Millican, 64 Texas, 48, limited.

APPEAL from Lamar. Tried below before the Hon. D. H. Scott.

The opinion contains a statement of the case.

*Hale, Baldwin & Hale,* for appellants: 1. A sheriff's deed, in the absence of a judgment and execution upon which it is based, is not admissible in evidence as a muniment of title, but may, in connection with other evidence, be admissible as a circumstance conducing to weaken plaintiff's title, or work an estoppel, and for other purposes. (Daily v. Starr, 26 Texas, 565; Stroud v. Springfield, 28 Texas, 649; Johnson v. Shaw, 41 Texas, 434.)

2. It was error to render judgment for title to one-half of the land in controversy, in favor of plaintiff, and award a writ of possession for the whole of it. (Rev. Stat., art. 4786; Milliken v. Smoot, 64 Texas, 173; Cromwell v. Holliday, 34 Texas, 467; Hooper v. Hall, 30 Texas, 156; Teal v. Terrell, 48 Texas, 509; May v. Slade, 24 Texas, 208; Joe Weinsteine v. Harrison et al., 66 Texas, 546.

*Hedges & Allen* and *Maxey, Lightfoot & Denton*, for appellee.

ACKER, PRESIDING JUDGE. Appellee brought this action against appellant on the seventeenth day of June, 1885, to recover thirty-three acres of land, a part of the Hiram Williams headright survey of four hundred and eighty-three acres. Plaintiff alleged in his petition that he was the legal and equitable owner of, and holding the legal and equitable title to, the thirty-three acres of land, describing it by metes and bounds. He also alleged that he was the holder and owner of the legal and equitable title to an undivided one-half of the land, and had been entitled to the possession of the entire tract ever since the thirteenth day of September, 1881, as against the defendant and all other persons, except his co-tenant. The petition contained the usual allegations of unlawful entry and wrongful withholding possession by defendant. The prayer was for judgment "for restitution and possession" and costs. The petition was endorsed as in actions of trespass to try title. Defendant answered by general denial and not guilty.

The trial was by the court, without a jury, and resulted in judgment in favor of appellee for title to one-half, and for possession of the entire thirty-three acres.

On the trial appellant offered in evidence a deed from the sheriff of Lamar county to K. L. Tudor, father of appellant, for the thirty-three acres of land, to which appellee objected upon the ground "that no judgment and execution upon which said deed was based had been introduced." The deed was excluded, and appellant excepted.

The trial judge made the following statement upon the bill of exception: "When the deed was offered, defendant's counsel, in response to the objection by plaintiff, stated that he had no judgment or execution here to offer, but offered the deed alone."

There was no plea of limitation. It was not stated that the

deed was offered for any other purpose than to prove title. That such deed is not admissible without the introduction of the judgment and execution under which it emanated, is too well settled to require discussion. It was admitted by appellant's counsel that he did not have the judgment and execution. We think there was no error in the ruling here complained of.

The remaining three assignments of error presented in appellant's brief are in the following language:

"The second assignment of errors is as follows:

"The conclusions of law formed by the court from his conclusions of facts in the case. Because, from the facts found by the court, and from the statement of facts in the case, the plaintiff was not entitled to judgment for one half of the land and possession of the whole of it.

"Third assignment is as follows:

"The judgment of the court, from the facts proved and found by the court, ought to have been for the defendant."

"The fourth assignment of errors is as follows:

"The court's conclusion of law wherein it is said: 'I conclude that plaintiff, who sues for himself and co-tenant' * * when the petition does not show that any claim is set up by J. C. Hodges for his co-tenants, nor are they made parties to the suit, nor do they claim anything."

"The appellant or plaintiff in error shall in all cases file with the clerk of the court below an assignment of errors, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office, and a copy of such assignment of errors shall be attached to, and form a part of the record; and all errors not so distinctly specified shall be considered by the Supreme Court and Court of Appeals as waived." (Rev. Stats., art. 1037.)

A ground of error not distinctly specified, in reference to that which is shown in the record, shall be considered as waived. (Rules of Supreme Court, No. 24.)

To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of the evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge

given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict, or finding of the jury if special, and the particular matter in which the judgment is erroneous, or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to. (Rules of Supreme Court, No. 25.)

It is clear that the second, third and fourth assignments of error do not comply with the requirements of the statute and the rules, and are too general to entitle them to be considered by this court. (Pearson v. Flanagan, 52 Texas, 266; 53 Texas, 45; 54 Texas, 641; 59 Texas, 69; Id., 116; Id., 255; 61 Texas, 122; 65 Texas, 115; 66 Texas, 185; 66 Texas, 685; 67 Texas, 40; Id., 359.)

It is contended by appellee, that appellant having failed to except in the court below to the conclusions of law and fact, he can not here question the correctness of these conclusions, and the case of Insurance Company v. Milliken, 64 Texas, 48, is cited in support of the position assumed by appellee.

In that case, the record contained neither bills of exception nor statement of facts. In this case, the record contains not only conclusions of fact and law, but bills of exception and statement of facts. The rule there announced does not apply in a case like this, but only in cases where no statement of facts nor bills of exceptions are filed, and the party complaining seeks to have the judgment of the court below revised on the conclusions of fact and law found by the trial judge. In such case, he should except to the conclusions, and have his exceptions noted in the judgment. The reason for the rule is clearly stated in the opinion in Insurance Company v. Milliken, supra.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Opinion adopted October 16, 1888.

STAYTON,
*Chief Justice.*