No. 2586.

C. M. AND NANCY HOUSTON *v.* W. T. BLYTHE ET AL.

1. PARTITION—DECREE.—On the coming in of a report made by commissioners in partition, which is not approved, others may be appointed by a decree prescribing more specific instructions as to the manner of effecting the partition, when the rights of the parties in interest, as settled by the original decree which determined such rights are not affected.

2. SAME.—The words "several tracts or parcels," as used in article 3475, Revised Statutes, do not have the same meaning as the word "shares," as used in article 3476. Each share may be composed of several of the tracts or parcels into which, in the description of the commissioners, the land may be divided, and the parcels finally set aside to the individuals entitled to partition may not be contiguous.

3. SAME.—The statutory instructions as to the method of making partition must be understood as entering into and forming a part of every decree directing partition to be made, though not expressed therein, when there is nothing contained in the decree to the contrary.

4. SAME.—When in making partition, the requirements of article 3477, Revised Statutes, can not be literally observed on account of the inequality of the shares of the distributees. The spirit of the statute may be complied with by determining by lot the parcels necessary to make shares.

5. ASSIGNMENT OF ERROR.—An assignment of error that "the court erred in its judgment in confirming the report of commissioners herein because said judgment is contrary to the law of the case and against evidence heard upon the trial hereof," is too general to receive consideration.

APPEAL from Hopkins. Tried below before Hon. W. C. Jones, Special Judge.

This case was begun in 1859 to try title to a league of land. It was three times brought to the Supreme Court on appeal involving questions of title—36 Texas, 360; 46 Texas, 65, and 60 Texas, 506. After the last appeal it was tried in the district court April 11, 1887, and judgment rendered, from which no appeal was perfected. The questions now involved refer to the method of partition and are manifest from the opinion.

*Harris & Milam,* for appellants: The court had no legal authority to make any other order than to approve or set aside the commissioners' report and discharge the commissioners and appoint other commissioners.

The court had no legal authority to add to or detract from the original decree at a term of court subsequent to the one at which it was made, nor to give the second board of commission of partition any instructions in addition to those given to the first board of commissioners, nor could they be lawfully instructed as to the mode of partition except by the original decree.

*John L. Henry,* for appellee.

STAYTON, CHIEF JUSTICE. This action had its beginning in an action of trespass to try title begun in the year 1859, but all questions of title were finally settled by a judgment rendered on April 11, 1887.

The suit, as to the persons who were adjudged to own undivided interests in the land, was also for partition.

By the judgment entered on April 11, 1887, the respective interests of those persons were determined, and commissioners were appointed to make partition.

The decree through which this was done gave general directions, in accordance with law, to the commissioners as to the mode of their procedure.

The commissioners thus appointed made a partition and reported it to the court, but, on exceptions made to it by one of the interested parties, the report was set aside by an order made at the April term, 1888, when the commissioners thereto-

fore appointed were dismissed and others appointed in their stead.

The order through which this was done gave to the commissioners thus appointed more specific directions as to the manner in which they should proceed in making partition, but it in no way varied the right of the several parties from the determination made by the original decree directing partition.

The commissioners last appointed made a partition which they reported to the court. Exceptions to this were filed by appellants, but the court, after hearing much evidence, overruled the exceptions, approved the report, and by decree made partition of the land in accordance with the recommendations contained in the report, and from that decree this appeal is prosecuted by the holder of one share, all others being satisfied.

There are but three assignments of error, and the second is as follows:

"The court erred in rendering an additional and different judgment to the original judgment herein rendered, on the final trial hereof, and had no authority in law to change, amend or render, any other judgment than to reject or confirm the report of the commissioners as shown by judgment setting aside report of commissioners herein."

As before said, the instructions given to the commissioners last appointed, did not in any manner change the rights of the interested parties as fixed by the decree of April 11, 1887. They were but more specific, and the matter to which this assignment of error is directed consists of an instruction to the commissioners that they were at liberty, if they thought it necessary to make a fair partition of the land, to divide the tract of land to be partitioned into as many small taacts or parcels as they might think necessary, after which they should divide the land into as many shares as there were persons entitled, each of which should contain one or more of the parcels into which the commissioners might think it necessary to divide the entire tract in order to make an equitable partition of the whole.

The statute provides as follows: "Should the commissioners deem it necessary, they may cause the real estate to be surveyed into several tracts or parcels."

"The commissioners shall divide the real estate to be partitioned into as many shares as there are persons entitled thereto, as determined by the court, each share to contain one or more

tracts or parcels, as the commissioners may think proper, having due regard in the division to the situation, quantity, and advantages of each share, so that the shares may be equal in value, as nearly as may be in proportion to the respective interests of the parties entitled." (Rev. Stat., 3475, 3476.)

The words "several tracts or parcels," used in article 3475, do not mean the same thing as the word "shares," used in the succeeding article, for one or all of these may be composed each of several of the tracts or parcels into which, in the discretion of the commissioners, the land to be partitioned may be divided.

This may result in each one of the distributees receiving as a share tracts or parcels not contiguous. Ordinarily such a course may not be necessary, but should it so become, in a given case, the statute requires that this course shall be pursued.

Instructions as to the method of making partition contained in the statute, must be understood to enter into every decree directing partition to be made, if not therein expressed.

If the original decree in this case did not in terms give the directions given by the statute, the action of the court in subsequently so doing was proper, and did not involve the rendition of another or different judgment than that originally entered.

The first assignment of error is: "The court erred in his instructions to the commissioners herein appointed, by instructing them to divide and partition the lands here in controversy between the different owners, in any number of blocks or parcels as they might see proper." The correctness of the instruction here complained of has already been considered under the second assignment, and whether the method pointed out by it for making partition is the best that might be devised, it is unnecessary to consider; for it pointed out a method which the Legislature has provided may be pursued. It was therefore a lawful method, and the court did not err in instructing the commissioners that they should follow it if in their judgment it was necessary so to do in order to make an equitable partition between the parties.

It may be true that a literal compliance with article 3477, Revised Statutes, can not be when the shares of the distributees are unequal.

If so, the statute should be complied with in such case in ac-

cordance with its spirit, which might require, as was done in this case, that the tracts or parcels necessary to make shares should be designated by lot.

It is claimed in the third assignment that "the court erred in its judgment in confirming the report of commissioners herein, because said judgment is contrary to the law of the case and against the evidence heard upon the trial hereof."

This assignment, under the well settled rules of this court, must be held too general to entitle appellants to a review of the case upon the sufficiency of the evidence to show that the partition made was equitable between the parties.

The evidence covers more than one hundred pages of the transcript, and we can not search through it to ascertain whether there be errors of fact which the parties asking us to do so have not themselves specified.

The tract to be partitioned contained four thousand six hundred and fifty and five-tenths acres, and about ninety acres of it are shown to be within the corporate limits of the city of Sulphur Springs and suitable for residence lots; the southeastern part, by reason of its proximity to the city, was shown to be more saleable than other parts. Great care seems to have been taken by the commissioners, and the matter having been passed upon by the court below, after hearing such evidence as the parties brought, in the absence of some specific assignment of error we can not undertake to pass upon other questions.

The judgment of the court below will be affirmed.

*Affirmed.*

Opinion delivered November 13, 1888.