H. McKay et al. v. Paris Exchange Bank et al.

No. 2780.

1. **Amendment of Judgments and of Executions.**— If judgments or executions are defective in particulars that may affect the title to property sold under them, it is too late after sales have been made to amend either so as to have the effect of validating such sales.

2. **Same.**—It would be inequitable to remove difficulties existing in a judgment and process under it at the instance of a purchaser after a sale which by reason of such difficulties may have been for a less sum.

3. **Same.**—Where proceedings are amended it should be done before a sale has been made.

4. **Same.**—A defect in substance could not be supplied after sale by amendment so as to validate such sale.

APPEAL from Red River.    Tried below before Hon. E. D. McClellan. The opinion states the case.

*Sims & Wright,* for appellants J. M. Ezell and wife, Eugenia Ezell, and A. R. Covington; *H. McKay, T. J. Armistead,* and *T. J. Brown,* for B. H. Epperson, Jr., and Janie Epperson; and *H. McKay* and *T. J. Armistead,* for Eugenia Epperson. — 1.    The pleadings of appellees show that they sought to amend the judgment and executions in matters of substance as well as form.    Blanks v. Rector, 24 Ark., 496; Bybee v. Ashby, 2 Gilm., 151.

2. From the petition or motion of appellees it affirmatively appears. that the judgment and both executions were absolutely void as to the estate of B. H. Epperson in the hands of his executors. Hart v. McDade, 61 Texas, 208.

3. The court should have refused the motion to amend the judgment of revivor, for that the same was entered as rendered by the court, and because there was not sufficient evidence to predicate such amendment upon. Camoron v. Thurmond, 56 Texas, 29; Coleman v. Neill, 11 Fed. Rep., 462; Perkins v. Dunlavy, 61 Texas, 244; Freem. on Judg., sec. 70;. Hudson v. Hudson, 20 Ala., 364; Perkins v. Perkins, 27 Ala., 479; Herring v. Cherry, 75 Ala., 376; Dickens v. Bush, 23 Ala., 849.

4. The court clearly committed error in ordering the amendment of the two executions issued so as to make them run against the estate of B. H. Epperson, deceased, in the hands of his executors, the same not following the statute. Rev. Stats., arts. 1344, 1943, 2281, subd. 3; Hart v. McDade, 61 Texas, 208; Lemmél v. Pauska, 54 Texas, 510; Averett v. Thompson, 15 Ala., 678; Higgins v. Driggs, 21 Fla., 103; Tinsley v. Lee,. 51 Ga., 482; Freem. on Ex., sec. 42.

*H. D. McDonald* and *Burdett & Connor*, for appellees. — 1. Not admitting that there is any difference between the right to amend, whether in matters of substance or of form, it was defects of form only that were sought to be amended in this proceeding, because the statute prescribes. the form of executions against independent executors, and the omission of this form was the defect in the execution sought to be amended. As to the judgment of revivor sought to be amended, appellants themselves admit that there being no form prescribed by statute for such judgments, the one in question is good and really needs no amendment, and such is. the law. Rev. Stats., art. 1943; Lemmel v. Pauska, 54 Texas, 509, 510.

2. The judgment and executions sought to be amended were not void, but were affected with irregularities which the court had the power to amend. Freem. on Judg., secs. 69–72; Freem. on Ex., secs. 38, 42, 43, 63, 72; Cartwright v. Chabert, 3 Texas, 262; Porter v. Miller, 7 Texas, 482; Kavanaugh v. Brown, 1 Texas, 482; Austin v. Jordan, 5 Texas, 132;. Burdett v. Marshall, 3 Texas, 24; Portis v. Parker, 8 Texas, 28; Whittenberg v. Lloyd, 49 Texas, 640; Scott v. Allen, 1 Texas, 561; McKinney v. Jones, 7 Texas, 598; 6 Wait's Act. and Def., p. 732, Ins. Co. v. Boon, 95 U. S., 117; Hunt v. Loucks, 38 Cal., 372; Hibberd v. Smith, 50 Cal., 511; Newmark v. Chapman, 53 Cal., 557; Am. and Eng. Enc. of Law, "Amendment," p. 552, and cases cited; Id., "Execution," p. 126, and cases cited; De Haas v. Bunn, 44 Am. Dec., p. 203; Swiggart v. Harber,. 39 Am. Dec., p. 428; Hubbell v. Fogartie, 26 Am. Dec., p. 163; Giles v:. Pratt, Id., p. 170.

HENRY, Associate Justice.—On the 23d day of November, 1877, the Paris Exchange Bank recovered a moneyed judgment against J. N. Norris, J. W. Hardison, and B. H. Epperson.

Epperson died in 1878, leaving an independent will, in which R. B. Epperson and J. P. Russell were appointed executors. The will was probated and the executors qualified.

In 1879, said judgment being unpaid, the bank filed a petition in the District Court to revive it against the executors. The judgment was revived accordingly, that part of it directing the issuance of execution being in the following words: "It is therefore ordered, adjudged, and decreed by the court that execution issue upon said judgment against J. P. Russell and R. B. Epperson as the executors of the estate of B. H. Epperson, deceased, and against John N. Norris and J. W. Hardison."

On the 9th day of February, 1880, execution issued on the revived judgment against "J. P. Russell and R. B. Epperson, executors of the estate of B. H. Epperson," and commanding the sheriff "to cause to be made of the goods and chattels, lands and tenements of J. P. Russell and R. B. Epperson, executors of the estate of B. H. Epperson," etc. Under this execution the sheriff sold a number of tracts of land belonging to the estate of B. H. Epperson to W. B. Aikin, one of the appellees.

Subsequently, in May, 1880, an alias execution was issued upon the same judgment commanding the sheriff to levy upon the goods, etc., "of J. P. Russell and R. B. Epperson, as the executors of the estate of B. H. Epperson."

This execution was levied upon a number of tracts of land "as the property of the estate of B. H. Epperson, deceased, J. P. Russell and R. B. Epperson being the executors of the will of B. H. Epperson."

W. B. Aikin was the purchaser at the sale made under said execution of a part of these tracts. Deeds for the lands sold were made by the sheriff to the purchaser.

The same lands were subsequently sold under other executions against the estate of B. H. Epperson, to other parties.

Before the institution of the proceedings in this case the executors of B. H. Epperson had been removed, and while the administration of his estate was still unclosed there was no administrator thereof.

The commencement of this cause was by a motion filed in the District Court by the Paris Exchange Bank and W. B. Aikin, in the original cause of the bank against Norris, Hardison, and B. H. Epperson, to which the widow and children and other claimants of the lands purchased by Aikin were made parties defendant, to correct said judgment and executions. The motion, after describing the judgment and reciting the previous proceedings, charges that in entering the judgment of revival, "through a clerical misprision said judgment directs such execution to be levied on the property of said executors instead of upon the

property of said estate in their hands, and that when the executions were issued, by similar clerical misprisions, the same were made to run against the property of said executors instead of against the estate of said B. H. Epperson in their hands."

The motion concludes with a prayer "for an order amending said revived judgment and the said two executions so as to make them conform to what they should have been."

All parties except one who were made defendants resisted the motion.

The court granted the relief prayed for, ordering that the revived judgment be amended so as to read: "That execution issue upon said judgment against the estate of B. H. Epperson, in the hands of J. P. Russell and R. B. Epperson, his executors," etc.; and that both of said executions be so amended "as to run against the estate of B. H. Epperson in the hands of his executors," etc.

From this judgment the defendants prosecute this appeal.

We are of the opinion that the exceptions to the motion should have been sustained and the proceeding dismissed. If judgments or executions are defective in particulars that may affect the title to property sold under them, it is too late after sales have been made to amend either so as to have the effect of affecting such sales.

It is well understood that for a sheriff's deed to convey title to lands it must be supported by a valid judgment and execution. The prudent purchaser will always satisfy himself that they exist. If no judgment is found against the party whose property is being sold, or if the execution under which the sale is made does not direct the sale of such person's property, or if the execution is not supported by the judgment, the probable effect will be to deter bidders, and by preventing competition cause a sacrifice of the property sold.

When uncertainty in any of these respects is cast upon the proceedings, and the purchaser may thereby have been enabled to buy the property for a less price than it would have sold for if the proceedings had been proper and regular, we think it would be without warrant of law and inequitable to remove the difficulty for his benefit and at the expense of the party whose property had been sold, and of his other creditors, if he had any.

Where the proceedings are amendable we deem it to be the better rule to require it to be done before a sale has been made. When the defect is one of substance it will not be contended that it may properly be removed for the benefit of the purchaser after the sale by amendment. If it is one of form only, we see no reason why it may not be disregarded or supplied in any suit in which the question may become involved.

In deciding this appeal we do not intend to express any opinion as to the sufficiency or insufficiency of any of the proceedings under which

the sales were made.    Such questions will not be decided unless they shall arise in suits between the different claimants of the property.

The judgment will be reversed and one rendered here dismissing the motion at cost of appellees.

*Reversed and dismissed.*

Delivered November 22, 1889.