## MEYERS et al. v. RILEY et al.
### (Court of Civil Appeals of Texas. Austin. Oct. 30, 1912.)

APPEAL AND ERROR (§ 78*)—ORDERS NOT APPEALABLE—INTERLOCUTORY ORDERS.

Under Sayles' Ann. Civ. St. 1897, art. 1383, which prevents appeal, except from a final judgment, no appeal lies from an order in a partition suit rejecting a report of commissioners and appointing new commissioners.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 434, 464–477, 480, 481; Dec. Dig. § 78.*]

Appeal from District Court, Coryell County; J. H. Arnold, Judge.

Action between Ruth Meyers and others and R. J. Riley and others. From the judgment, Meyers and others appeal. Dismissed. On motion for rehearing. Motion overruled.

T. R. Mears, of Gatesville, for the motion. S. P. Sadler, of Gatesville, opposed.

RICE, J. At the last term of this court appellees filed their motion to dismiss this appeal, based on two grounds: First, that the court had no jurisdiction to hear and determine the case; and, second, for want of prosecution on the part of appellants, in that they had not filed their brief within the time required by law. The motion to dismiss was granted, chiefly on the ground that the court had no jurisdiction; it appearing from the record that this was an effort to appeal from an interlocutory order of the district court setting aside the report of commissioners of partition and appointing new commissioners.

Only one final judgment shall be rendered in any case, except where it is otherwise specially provided by law. See article 1337, Sayles' Rev. Civ. Stat. There can be no appeal in any civil case, except from a final judgment. Article 1383, Id. At the time of the rendition of the primary judgment determining the rights of the parties in the subject-matter of the suit, the court appointed commissioners to partition said property and to report their action to the next term of the court, which report was made in accordance with said order. This report, upon objection being filed, was rejected, and new commissioners appointed, as the court was authorized to do (see article 3622, Sayles' Rev. Civ. Stat.; Houston v. Blythe, 71 Tex. 719, 10 S. W. 520), from which action appellants sought to prosecute this appeal.

A motion for rehearing has been filed by appellants, in which they seek to show that their briefs were filed in proper time; but no effort is made to show that the court had jurisdiction to hear this appeal. No appeal being allowed from such interlocutory order, it becomes our duty to overrule the motion for rehearing, which is accordingly done.

Motion overruled.