**FEDERAL RESERVE BANK OF DALLAS v. ODLE.    (No. 432.)**

(Court of Civil Appeals of Texas. Waco. Nov. 11, 1926.)

**1. Evidence ⚖109—Testimony that checks for collection came through defendant bank held proper to show knowledge of custom to in-'dorse checks with rubber stamps.**

In action against banks for negligence in clearing check, testimony of bank cashier that all out of town checks sent to his bank for collection came through defendant bank *held* competent to show witness' knowledge of custom to indorse checks with rubber stamp, and his familiarity with form of stamp used.

**2. Evidence ⚖111—Testimony that stamp on check was similar to stamp generally used by defendant bank in forwarding checks for collection held competent to show check passed through defendant bank.**

In action against banks for negligence in clearing check, testimony of bank cashier that stamp on check was similar to stamp generally used by defendant bank in forwarding checks for collection *held* competent to show check actually passed through defendant bank.

**3. Appeal and error ⚖726—Assignment that court erred in overruling plea of privilege held too general for consideration (district court rule 68; Court of Civil Appeals rules 25, 26).**

Assignment that court erred in overruling and not sustaining plea of privilege *held*, in view of district court rule 68, Court of Civil Appeals rules 25, 26, too general to require consideration.

Appeal from Bosque County Court; B. F. Word, Judge.

Action by J. S. Odle against S. C. Barnes and others. From an interlocutory order overruling its plea of privilege, defendant, the Federal Reserve Bank of Dallas, appeals. Affirmed.

Chas. C. Huff, E. B. Stroud, Jr., and J. P. Dreibelbis, all of Dallas, for appellant.

H. J. Cureton and P. S. Hale, both of Meridian, for appellee.

GALLAGHER, C. J. This is an appeal from an interlocutory order of the county court of Bosque county overruling a plea of privilege interposed in this cause by appellant, Federal Reserve Bank of Dallas. Appellee, J. S. Odle, sued S. C. Barnes, Farmers' State Bank of Meridian, First National Bank of Fort Worth, and appellant, and alleged that on November 5, 1924, he deposited in said Meridian bank for collection a certain check for the sum of $345, drawn in his favor by said Barnes on the First National Bank of Morgan, Tex.; that said Meridian bank, on the same day, and in regular and ordinary course of business, forwarded said check for collection to said Fort Worth bank; that said Fort Worth bank, on November 6th, in regular and ordinary course of business, reforwarded said check for collection to appellant; that appellant, on or about November 7, 1924, in regular and usual course of business, forwarded said check to said Morgan bank, upon which the same was drawn, for collection, and· that said check reached said Morgan bank without any undue delay and without negligence on the part of appellee or any of said banks through which it passed; that after said check was received at the Morgan bank said bank failed, ceased to transact business, was permanently closed, and was in fact insolvent. Appellee further alleged that, after said check reached said Morgan bank, it was by said bank canceled and surrendered to said Barnes; that none of the parties defendant in said cause ever returned said check to appellee, nor paid to him the amount of said check or the proceeds thereof; that he acquired said check from said Barnes for valuable consideration, and, the same never having been paid, said Barnes was liable to him thereon, and estopped under the circumstances alleged from asserting payment of said check.; that the other defendant banks were guilty of negligence and gross negligence· in their failure to promptly report back to appellee the failure and refusal of the Morgan bank to pay said check, if it did fail or refuse, until about November 14, 1924, seven days afted it reached said Morgan bank for payment; that such notice should have been given to appellee in Meridian. Appellee further alleged that, if mistaken in·his allegation that the Morgan bank did not pay said check, and if it should appear at the trial that it did pay said check and make due remittance thereof, "then that the defendants First National Bank of Fort Worth, Federal Reserve Bank of Dallas, and Farmers' Guaranty State Bank of Meridian have received said sum, and· have failed and refused, and still fail and refuse, to pay the same to plaintiff * * * (and) that they are therefore liable· to plaintiff" for the amount of said check. Appellee prayed in general terms for judgment for his debt and damage, and for general and special relief. .

Appellant's answer consisted of a plea of privilege in due form,. in which plea it alleged that it was a national banking corporation; that it resided and had its principal office in Dallas county, in which county it claimed the right to be sued, and in addition thereto a general demurrer and a general denial. Appellee controverted appellant's plea of privilege on the ground that said Barnes and said Meridian bank, defendants in this suit, both resided in Bosque county, and on the further ground that his cause of action, or a part thereof, arose in said county. There was a hearing on said plea of privilege, at which hearing appellee proved that· said

(288 S.W.)

Barnes and said Meridian bank resided in Bosque county; that said check was delivered to said Meridian bank for collection, and by it forwarded in due course of business, to the Fort Worth bank; that said check, at the time it was delivered to the Meridian bank, had no stamped indorsements thereon; that said check was afterwards returned to said Barnes by the Morgan bank, together with other canceled checks, and with a statement showing that the same had been charged to his account; that, when said check was so returned, it had stamped on its face the following:

"First National Bank,
"Morgan, Texas.
"Paid Nov. 10, 1924."

Said check showed the following indorsements stamped on the back thereof:

"Pay to the order of any bank, banker or trust company. 88–812 * * * 88–812. Previous indorsements guaranteed. Farmers' Guaranty State Bank, Meridian, Texas."

"Pay to the order of the Federal Reserve Bank, Dallas, Tex., or any bank, banker or trust company. Nov. 6, 1924. All prior indorsements guaranteed. First National Bank, Fort Worth, Texas. 37–1."

"Pay to order of any bank or banker. Prior indorsements guaranteed. Nov. 7, 1924. Federal Reserve Bank of Dallas. 32–3."

Appellee further proved that the Morgan bank failed about November 14, 1924; that said check was "charged back" by the Meridian bank; that said bank never received any proceeds of the collection of said check; and that said check was never returned to it. Appellee further proved that he never received notice that said check had not been paid until after the failure of the Morgan bank.

The court entered an order overruling appellant's plea of privilege, and said order is here presented for review.

## Opinion.

[1, 2] Appellee, over the objection of appellant, was permitted to prove by his witness Ferguson, the cashier of the Meridian bank, that all out of town checks coming to said bank came through appellant, Federal Reserve Bank of Dallas. Appellant's grounds of objection were, in substance, that said testimony was immaterial, irrelevant, hearsay, incompetent, and prejudicial, and an attempt to prove that the check in question in this suit was cleared through said Federal Reserve Bank of Dallas. Said witness was also permitted, over objection of appellant, to testify:

"I did not see the Federal Reserve Bank of Dallas stamp their stamp on the back of said check, but the stamp thereon is similar to the stamp that appears on all out of town checks that we receive at our bank."

Appellant's grounds of objection to said testimony were that the same was immaterial, irrelevant, incompetent, hearsay, and prejudicial, and an opinion and conclusion of the witness. The action of the court in each instance in overruling said objection and receiving said evidence is presented by appropriate propositions as grounds for reversal. Said check with the indorsements thereon as hereinbefore set out had already been received in evidence without objection. Said witness had also testified in that connection, without objection, that all bank indorsements on checks forwarded for collection were stamped on the back of such checks. Appellant itself introduced appellee's petition in evidence. Appellant does not contend that said petition did not assert a cause of action against all the defendants named therein. Appellee proved that said Barnes and said Meridian bank, codefendants with appellant, both resided in Bosque county, where this suit was pending; that said check was forwarded to the Fort Worth bank as alleged in said petition; that it was the custom of banks in forwarding checks for collection to stamp their respective indorsements on the back thereof. Said check showed thereon a stamped indorsement direct to appellant or any other bank, banker, or trust company by the Fort Worth bank, to which the same was shown by affirmative evidence to have been sent by the Meridian bank. It also showed a stamped indorsement by appellant, making the same payable to any bank or banker. The testimony of the witness that all out of town checks sent to his bank for collection came through appellant bank was proper for the purpose of showing his knowledge of the custom of said bank with reference to indorsing such checks with a rubber stamp and his familiarity with the form of stamp so used. His further testimony in connection therewith that the stamp on this particular check was similar to the stamp generally used by appellant in such cases was a pertinent circumstance tending to show that said check actually passed through appellant's bank as alleged by him.

[3] The only other proposition presented as ground for reversal is as follows:

"The appellee wholly failed to establish facts preferring venue of this cause in Bosque county, Tex."

Said proposition is based on a single assignment of error as follows:

"The court erred in overruling and not sustaining this defendant's, the Federal Reserve Bank of Dallas, plea of privilege."

The court filed findings of fact, consisting of four separate paragraphs, which findings as a whole fully support the order overruling appellant's plea of privilege. None of said separate findings are challenged by a specific assignment of error. Both the proposition submitted as ground for reversal and the as-

signment on which the same is based are too general to require consideration or to constitute a predicate for reversal, and they are therefore overruled. District court rule 68; Court of Civil Appeals rules 25 and 26; American Legion of Honor v. Rowell, 78 Tex. 677, 15 S. W. 217; Ackerman v. Huff, 71 Tex. 317, 319, 9 S. W. 236; Tudor v. Hodges, 71 Tex. 392, 394, 395, 9 S. W. 443; Houston v. Blythe, 71 Tex. 719, 723, 10 S. W. 520.

The judgment of the trial court overruling appellant's plea of privilege is affirmed.