### TOPLITZ v. PORTER et ux.

### No. 3066.

Court of Civil Appeals of Texas. Beaumont.

Feb. 25, 1937.

M. L. Lefler, of Beaumont, for appellant.

David E. O'Fiel, of Beaumont, for appellees.

O'QUINN, Justice.

Appellant brought this suit against appellees in trespass to try title to certain real estate in Jefferson county. Appellees answered by general demurrer, general denial, and plea of not guilty.

The parties agreed as to the common source of title. Appellant introduced in evidence deed from common source to Porter. He then offered a deed from Porter to himself by constable under execution sale. On objection by appellee this deed was excluded. Appellant then rested. On motion of appellees the court instructed the jury to return a verdict for appellees, which was done and judgment accordingly rendered.

Appellant assigns error against the court in sustaining appellees' objection to the introduction of the constable's deed under execution sale to himself. The assignment is overruled. No power in the officer to make the sale was shown. No judgment or writ of execution based thereon authorizing the seizure and sale of the property was in evidence. For execution sale deed to be effective as conveying title, the power to sell must be shown. This is done by putting the judgment and execution in evidence. Judge Wheeler, in Wofford v. McKinna, 23 Tex. 36, 44, 76 Am. Dec. 53, said: "A sheriff's deed is inoperative without proof of his power to sell; *it is no evidence of title, without the production of the judgment and execution.*" (Italics ours.) In Tudor v. Hodges, 71 Tex. 392, 9 S.W. 443, it is held: "In an action of trespass to try title, the defendant only pleading not guilty, a sheriff's deed offered by defendant, without a judgment and execution to support it, was properly excluded." There, as here, the deed was offered to prove title. The court said: "That such deed is not admissible [for such purpose], without the introduction of the judgment and execution under which it emanated, is too well settled to require discussion."

The instructed verdict and consequent judgment was correct.

The judgment is affirmed.