### FINK et al. v. GREVSGARD.

#### No. 10668.

Court of Civil Appeals of Texas. Galveston.

Dec. 8, 1938.

Rehearing Denied Jan. 5, 1939.

P. Harvey and A. F. Sundermeyer, both of Houston, for appellants.

Fulbright, Crooker & Freeman and C. A. Leddy, all of Houston, for appellee.

MONTEITH, Special Commissioner.

This is an action in form of trespass to try title, brought by appellant, Sam Fink et al., in the district court of Harris County, against appellee, H. W. Grevsgard, for the title and possession of lots Nos. 4 and 5, in block No. 14, of Charleston Gardens, a subdivision of Section No. 21, Block No. 4, H. & T. C. Ry. Co. Survey in Harris County, Texas.

Appellee answered by a plea of not guilty, and specially pled that appellants were claiming under a sheriff's deed made pursuant to an order of sale issued under a judgment in favor of the State of Texas, foreclosing a tax lien against the two lots in controversy; appellee pled that the judgment in question and the sale thereunder were void for a number of specified reasons, set out in the pleadings. Following this special plea, appellee, by way of cross-action, made an attack on the judgment and sale under the tax foreclosure by which he sought to annul and cancel the sale and sheriff's deed, because of the irregularities affirmatively pled in defense of appellants' action.

The cause was tried by the court without a jury, and the court basing his conclusions on his findings of fact, which were filed, rendered judgment awarding appellee title and possession of the two lots in controversy, cancelling, annulling, and setting aside the sale made by the sheriff of Harris County under which appellants claimed title, and removing the cloud cast by said tax sale and sheriff's deed on the two lots in controversy. The court also rendered judgment in favor of appellants and against appellee for the sum of $59.07 with interest

at the rate of 6% thereon from August 4, 1924, the date of said sheriff's sale.

The record discloses the following facts material to this appeal:

On March 17, 1923, a suit was filed in the 11th District Court of Harris County, Texas, by the State of Texas against the then owners of the two lots in controversy for taxes for the years 1918 and 1919. Judgment was rendered in said suit in favor of the State on May 16, 1924, and execution and order of sale, under which the sheriff attempted to sell the property, was issued on June 19, 1924. The judgment attempted to foreclose the tax lien on each of said lots, and directed an order of sale to be issued commanding the sheriff or any constable of Harris County to fix, levy upon, and advertise for sale, as under execution, each of said tracts of land, and sell same to the highest bidder for cash, as under execution; that in pursuance thereto the order of sale authorized and commanded the proper office to sell each lot separately, as decreed by the court. The sheriff of Harris County disregarded the terms of both the decree of foreclosure and order of sale, and on August 4, 1924, offered for sale and sold the two lots in controversy, not separately, but as if they constituted one tract. The two lots were purchased at sheriff's sale by L. Fink for the sum of $59.07.

By written stipulation the parties to this action agreed that the two lots in controversy passed by a regular chain of conveyances from the sovereignty into appellee; that none of appellee's predecessors in title knew of the tax suit, judgment, sheriff's sale and sheriff's deed prior to 1933; that appellants are the heirs of L. Fink and hold whatever title was acquired by him under said tax sale, and that the two lots in controversy are reasonably worth $2000.

The court in his findings of fact found the existence of substantially all of the facts above stated, and found further that the irregularities pleaded by appellee caused or contributed to bring about the sale of the two lots in question for a grossly inadequate price.

Appellants have no assignment of error challenging the sufficiency of the evidence to sustain any of the findings of the trial court.

It is the contention of appellants that this action is a collateral and not a direct attack on said tax judgment, for the reason that appellee was not a party to the tax judgment and for the reason that the heirs of William R. Howe, who were defendants in said tax suit, are not made parties to appellee's cross-action. In their brief appellants state that the only question for determination by this court is the validity of the tax sale "on a collateral attack"; that is, whether the property described as Lots 4 and 5 in Block 14 constituted "one tract or two tracts"; they admit that if it is two tracts the judgment of the lower court is correct, and that if it is only one tract the judgment of the trial court is erroneous.

Appellee contends that the sheriff's deed under which appellants claim title, because the judgment and order of sale thereunder directed the sheriff to sell the several tracts of land described in the judgment in separate parcels and the sheriff, in violation of said order of sale, sold the two lots as one tract, that appellee's cross-action is a direct and not a collateral attack on said judgment and sale, in that he has set up in said cross-action numerous irregularities and pled that said irregularities caused or contributed to bring about the sale of the property for a grossly inadequate price; that the court in his findings found the existence of substantially all of the irregularities pled, including the fact that judgment was rendered on insufficient service of citation; that the notice of delinquent taxes was not given in compliance with law; that the affidavit made to secure the issuance of citation by publication was insufficient; that the order of sale was prematurely issued; that the order of sale ordered the land sold in separate tracts, and that the sheriff, in violation of said order, sold the same as one tract, and that said irregularity caused or contributed to bring about the sale of the property for a grossly inadequate price. Appellee further contends, that since appellants have no assignment of error challenging the sufficiency of the evidence on which the findings of the court are based, that said findings are binding and conclusive on this court.

The exact proposition involved in this appeal was decided by the Supreme Court of this State in the case of Mills v. Pitts et al., 121 Tex. 196, 48 S.W.2d 941. In this case, in which the facts are similar in all particulars to the facts in the instant case, all of the contentions of appellants are definitely disposed of. Justice Greenwood, who rendered the opinion in said case, said [page 942]: "Nothing is better

settled than that the authority of the sheriff to pass the judgment defendant's title at a sale under foreclosure by decree of court rests upon the decree and the order of sale. It is for this reason that the purchaser must introduce in evidence the decree of foreclosure and the order of sale in order to establish a valid divestiture of title out of the judgment defendant through a judicial foreclosure and sheriff's sale. If the decree and the order of sale fail to authorize such a sale as the sheriff undertook to make, no title passes thereby. Trevino v. Fernandez, 13 Tex. [630], 667; Tudor v. Hodges, 71 Tex. 392, 9 S.W. 443; Rule v. Richards (Tex.Civ.App.) 159 S.W. 386, 389, 390; [Richards v. Rule] (Tex.Com.App.) 207 S.W. 912.

"As said by the Court of Civil Appeals at Dallas in Kruegel v. Cobb, 58 Tex.Civ. App. 449, 124 S.W. 723, 727: 'Without proof of his power to sell, a sheriff's or constable's deed must be treated as a nullity, and, unless it is supported by the judgment and execution, it will convey no title.'"

Justice Greenwood in his opinion continues: "Here the court expressly directed the sale of each of two tracts of land for a very small sum of money. Instead of selling each tract, as commanded by the court's decree and the writ issued thereon, the sheriff, disregarding such command, attempted to sell both of the tracts. In so doing he acted without the court's authority, and this being an involuntary sale, not supported by the judgment or order of sale, it is a nullity. We can no more sanction the sale of two tracts together, when ordered sold one at a time, than we can the sale of forty tracts as one, when ordered sold tract after tract separately. Only by vitiating such sales can we maintain the court's power to protect the rights of judgment debtors and of other creditors. McKay v. Paris Exchange Bank, 75 Tex. 181, 12 S.W. 529, 530, 16 Am.St.Rep. 884.

"The rule covering foreclosures under judicial decree is stated in Corpus Juris to be: 'In determining whether the property shall be sold as one entire tract or in separate parcels, the officer must follow the directions of the decree.'"

In 16 Ruling Case Law, 45, it is said: "No departure from the manner in which the sale is directed to be made either under a judgment at law or a decree in equity, is permitted. So if the terms of the order of sale be violated, it follows that the purchase is not made under it and the title of the purchaser is not valid from it."

Appellants have furnished us with no authorities challenging the rule of law laid down in the case of Mills v. Pitts, supra, nor have they been able to distinguish the facts in the two cases.

For the reasons above stated, the judgment of the trial court will be in all things affirmed.

Affirmed.

Opinion approved by the Court.